**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jerry Alton BYERS, Robert Hugh Donahoe, Ronald Ray Versteeg, David Robert Poad, and Leonard Earl Higginson, Jr., Defendants-Appellants.**

No. 78–5762
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1979.

Rehearing Denied Sept. 7, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Frank Louderback, St. Petersburg, Fla., for Byers, Donahoe, Versteeg and Higginson.

James R. Dirmann, Sarasota, Fla., for Poad.

Judy S. Rice, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before AINSWORTH, CLARK and VANCE, Circuit Judges.

CHARLES CLARK, Circuit Judge:

On May 13, 1978 the lookout for the Coast Guard Cutter STEADFAST saw several persons jumping from a white cabin cruiser to a red and white Magnum speedboat. The Magnum then sped off in a northeasterly direction, with the persons on board the Magnum flinging into the water bales of a substance later found to be marijuana. A party from the STEADFAST boarded the cabin cruiser and found it to be abandoned. A further search disclosed that forty-nine bales of marijuana and various personal effects remained on board. Thirty-eight bales of marijuana were found floating in the water. Two hours later, a customs plane spotted a Magnum boat dead in the water approximately ten miles to the northeast. The party from the STEADFAST also boarded the Magnum boat, but it too had been abandoned. No marijuana was found on board. When the STEADFAST came upon a shrimp boat approximately two hours later, the captain of the shrimp boat identified five men on the boat as persons he had picked up from the abandoned Magnum. These five persons, David Robert Poad, Leonard Earl Higginson, Jr., Ronald Ray Versteeg, Terry Alton Byers, and Robert Hugh Donahoe, were arrested, charged with conspiracy to possess and import marijuana with the intent to distribute, and were convicted. Presenting a number of different contentions, the alleged conspirators appeal. We affirm.

Defendants challenge the Coast Guard's searches of both the cabin cruiser

and the Magnum. Since the right to be free from unreasonable searches and seizures is personal in nature, each defendant must show that the disputed search and seizure "has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 429, 58 L.Ed.2d 387, 399 (1978). Thus, each defendant must show that he has standing to challenge the searches. In order to establish standing a defendant must establish either that he had a "legitimate expectation of privacy" in the premises searched, *Id.* at 143, 99 S.Ct. at 430, 58 L.Ed.2d at 401, or that possession of the seized item at the time of seizure is an essential element of the offense charged, *Id.* at 135, 99 S.Ct. at 426, 58 L.Ed.2d at 395. No defendant met either requirement here. They were not on board either of the boats during the searches nor have they established any legitimate expectation of privacy with regard to the interiors of either of the abandoned boats. Possession of the personal articles seized is obviously not an essential element of the crimes with which defendants were charged, though the articles were important evidence in connecting defendants with criminal conduct. Similarly, possession of marijuana at the time of the seizure is not an essential element of the crimes of conspiring to possess marijuana with the intent to distribute it, *United States v. Archbold-Newball*, 554 F.2d 665, 678–79 (5th Cir. 1977), *cert. denied*, 434 U.S. 1000, 98 S.Ct. 644, 54 L.Ed.2d 496 (1978), or of conspiring to import marijuana with the intent to distribute it, *United States v. Reyes*, 595 F.2d 275, 279–280 (5th Cir. 1979). Thus, defendants have no standing to challenge the validity of the searches and seizures.

■ All defendants challenge the sufficiency of the evidence to convict them. This contention is without merit; the evidence against them was overwhelming. In addition to the evidence placing them near the scene of the crime, Poad's wallet, identification belonging to Higginson, and a photograph of three of the alleged conspirators were all found on board the cabin cruiser. A duffle bag belonging to Donahoe was found on the Magnum boat. The prosecution established that Poad had access to the cabin cruiser and its keys. This evidence and the remaining evidence presented at trial was clearly sufficient to convict.

■ Byers, Versteeg and Donahoe assert that Poad's wallet and Higginson's identification should have been excluded under Federal Rule of Evidence 403 since the probative value of the evidence was substantially outweighed by the danger of unfair prejudice to them. We reject this contention. The district judge acted well within the ambit of his discretion under Rule 403 in admitting the challenged evidence.

■ During the trial, the district judge admitted a certified copy of an information filed in Florida state court charging Versteeg with possession of marijuana with the intent to distribute it. The information also contained a notarized statement by the trial judge indicating that Versteeg was found guilty at a non-jury trial. Donahoe, Versteeg, Byers, and Higginson contend that the documents should not have been admitted since, under Florida law, the document was not the best evidence of a previous conviction. However, the best evidence rule is inapplicable to the admission of evidence concerning prior offenses. *United States v. Beechum*, 582 F.2d 898, 913 (5th Cir. 1978) (en banc). Under *Beechum*, the question of whether a defendant actually committed a prior extrinsic offense is a jury question, unless the judge becomes convinced that the jury could not reasonably find that the defendant committed the alleged prior offense. *Id.* Viewed under that standard, the evidence offered to establish that Versteeg committed the prior offense was clearly sufficient to create a jury issue.

■ Defendants next contend that the evidence concerning the prior offense should have been excluded since its prejudicial effect outweighed any proper benefit to the prosecution. *Beechum*, 582 F.2d at 911, established a two-step test for determining the admissibility of extrinsic acts evidence:

First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

The extrinsic act evidence here was relevant to a. disputed issue in the case other than Versteeg's character—whether he intended to distribute the marijuana. With regard to the second step in the *Beechum* analysis, we find that the district court did not abuse his discretion under Rule 403 in deciding that the prejudice arising from the evidence did not substantially outweigh its probative value. *Beechum* indicated that the probative value of an extrinsic offense depends, in part, upon similarity to the charged offense and the length of time between the offenses. 582 F.2d at 915. Here, the elements of the extrinsic offense and the charged offense were virtually identical, and the extrinsic offense occurred slightly more than a month before the charged offense.

The government alleged in the indictment that one of the conspirators had committed an overt act in furtherance of the conspiracy by purchasing a Loran navigation unit. Defendants contend that there was a fatal variance between this portion of the indictment and the proof at trial since the prosecution failed to show that any of the defendants purchased the unit. We reject this argument. At trial it was shown that the Coast Guard removed a Loran unit from the cabin cruiser, that the unit was not on board the vessel when the owner last saw it, that a Loran had been sold to a person from Castaway Boats, that one of the items found in the search of the boats was a business card from Castaway Boats with the name of one of the conspirators on it, and that the persons on board both the cabin cruiser and the Magnum had used the Loran for navigational purposes. Although the Loran salesman could not identify one of the conspirators as the purchaser of the Loran unit, sufficient evidence existed for the jury to find that the overt act was proven.

We have examined the remainder of the defendants' allegations and find them to be meritless.

AFFIRMED.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.