THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES E. WEBER, Defendant-Appellee.

Third District    No. 79-363

Opinion filed January 24, 1980.—Rehearing denied March 3, 1980.

James E. Hinterlong, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, James E. Weber, was charged with felony theft and unlawful possession of cannabis in indictments returned by the grand jury of La Salle County. Following a pretrial hearing held for the purpose of determining whether evidence of the cannabis was obtained pursuant to an illegal search and seizure, the circuit court granted defendant's motion to suppress the challenged evidence. The People appeal that decision to suppress.

According to testimony elicited at the suppression hearing, on October 17, 1978, the defendant was driving a 1961 Chevrolet automobile accompanied by several others. His destination was Dan Beals' apartment, which he and the others entered upon their arrival. They proceeded to the living room of the apartment with Beals. Sometime thereafter he realized that police officers were present in the room, those officers having entered the apartment silently, without announcement,

and unbeknownst to the defendant. What the police officers saw when they entered the living room portion of Beals' apartment was the defendant, Beals, and several women together with bags of cannabis.

At the suppression hearing previously alluded to, a question was raised first as to whether the intrusion into Beals' apartment constituted an unconstitutional search and seizure and, second, as to whether the defendant had standing to raise an objection. The La Salle County Circuit Court held that the intrusion was illegal and that the defendant had standing to assert that illegality. The cannabis seized was ordered suppressed.

On appeal the People do not raise an issue as to the constitutionality of the search. Rather, the People contend that the defendant lacked standing to complain of the legality of the search, and in so contending they rely primarily on the recent United States Supreme Court decision in *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421. Such reliance is misplaced.

■■ In a 1960 decision by the same Supreme Court, two grounds for standing to assert the constitutionality of a search and seizure were set forth. (*Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725.) There was established a rule of automatic standing to contest an allegedly illegal search where the same possession needed to establish standing constitutes an essential element of the offense charged. (*Jones v. United States* (1960), 362 U.S. 257, 263, 4 L. Ed. 2d 697, 703, 80 S. Ct. 725, 732.) Secondly, it was expressly stated that anyone legitimately on the premises where a search occurs may challenge its legality. (*Jones v. United States* (1960), 362 U.S. 257, 267, 4 L. Ed. 2d 697, 706, 80 S. Ct. 725, 734.) We believe it is quite clear that under either of the two grounds of standing adumbrated by the *Jones* decision, the defendant possessed the standing found by the circuit court.

In their brief, however, the People assert that *Rakas* modifies and overrules the holding in *Jones*. We believe that assertion is only partially correct. It is true that the *Rakas* opinion rejects the legitimately on the premises test as "too broad a gauge for measurement of Fourth Amendment rights." (*Rakas v. Illinois* (1978), 439 U.S. 128, 142, 58 L. Ed. 2d 387, 400, 99 S. Ct. 421, 429.) It is also true that the *Rakas* opinion expressly declined to overrule the automatic-standing rule. (*Rakas v. Illinois* (1978), 439 U.S. 128, 135 n.4, 58 L. Ed. 2d 387, 396 n.4, 99 S. Ct. 421, 426 n.4.) Indeed, three different United States Courts of Appeals have considered the effect of *Rakas* on the automatic-standing rule of *Jones*, and each such court has concluded that the automatic-standing rule survives. (*United States v. Salvucci* (1st Cir. 1979), 599 F.2d 1094; *United States v. Mazzelli* (9th Cir. 1979), 595 F.2d 1157; *United States v. Byers* (5th Cir. 1979), 600 F.2d 1130.) The *Mazzelli* court says of *Rakas*:

"That case re-examined the second portion of *Jones* dealing with standing based on interest in the premises searched and the standards that should apply in such cases. However, in substance it re-affirmed the proposition recognized in *Jones* that a possessory interest in that which was seized confers standing." (595 F.2d 1157, 1160.)

Similarly, the *Salvucci* court refused to hold "that the automatic standing rule of *Jones* [had] been implicitly overruled * * * ." 599 F.2d 1094, 1098.

■■ In *Jones v. United States,* the Supreme Court held that a defendant has automatic standing to challenge the legality of a search or seizure if charged with a crime that includes, as an essential element of the offense charged, possession of the seized evidence at the time of the contested search and seizure. Although questioned and criticized, this rule has not been rejected. In the case *sub judice,* the defendant was charged with possession of cannabis, a crime wherein possession is an essential element of the offense. Thus the offense charged confers the necessary standing. The circuit court correctly permitted the defendant to suppress the evidence seized.

Affirmed.

ALLOY and STENGEL, JJ., concur.