UNITED STATES of America,
Plaintiff-Appellee,

v.

Ted EDWARDS, Defendant-Appellant.

No. 80–5460.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

May 1, 1981.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla., for defendant-appellant.

Atlee W. Wampler, III, U. S. Atty., David Kelley, Miami, Fla., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant Edwards was charged with knowingly and intentionally possessing with the intent to distribute 30,000 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). A pretrial motion to suppress evidence of the marijuana was denied, and, following a bench trial, appellant was adjudicated guilty. He appeals, urging that the motion to suppress should have been granted.

The pertinent facts are undisputed. On April 23, 1979, the Coast Guard Station at Key West, Florida, received a distress call from a vessel which the caller identified as the "Lady Barbara." The caller advised that the vessel was aground near a reef off the coast of the Florida Keys and was taking on water and sinking. The Coast Guard dispatched the cutter "Steadfast," which undertook a search for the "Lady Barbara." Hazardous weather conditions, including six to eight feet seas, hampered the rescue activity, and the Coast Guard was initially unable to locate the vessel. The Coast Guard broadened the scope of its search and later located the "Lady Barbara" at a point within the three-mile territorial limit of the United States. Appellant exited the "Lady Barbara" and boarded the Coast Guard vessel. Appellant was then transported to the Key West Coast Guard Station.

The distress call transmitted by Edwards was also received by the Florida Marine

**2**

Patrol Station in Key West. A Patrol vessel was dispatched, but was unable to reach the "Lady Barbara" due to the rough seas. Several hours later, however, another Patrol vessel was able to reach and board the "Lady Barbara." These officers had received information from a citizen of unknown reliability that marijuana was on board the vessel. The officers boarded the ship with the dual purpose of ascertaining whether anyone remained on board and ascertaining whether the ship contained contraband. The Patrol officers discovered a large number of marijuana bales aboard the vessel.

Meanwhile, the Coast Guard determined that the "Lady Barbara" was on its list of suspect vessels. A cutter was dispatched to the "Lady Barbara"; en route the cutter received a radio message from the Florida Marine Patrol Officers that marijuana had been discovered. Upon reaching the "Lady Barbara," the Coast Guard officers boarded the vessel and confirmed the presence of approximately 30,000 pounds of marijuana in burlap bags stored in the hold of the vessel.

Due to continuing rough sea conditions, inclement weather, and the onset of darkness, off-loading of the marijuana was not commenced until the following morning and was not completed until three days later. Apparently, the Coast Guard at no time attempted to secure a warrant to search the "Lady Barbara."

Appellant contends that because the marijuana was packaged in burlap bags and because the Coast Guard had no fear of harm from the contents of the parcels, the Fourth Amendment prohibited a warrantless search and seizure. The Government, on the other hand, contends that appellant, having abandoned the "Lady Barbara", lacks standing to challenge the search and seizure. Alternatively, the Government argues that the search was within the Coast Guard's authority to conduct routine checks of vessels and to inspect the cargo of a ship when a legitimate customs concern exists. The Government further urges that the search was supported by probable cause and exigent circumstances. We agree with the

district court that there was no Fourth Amendment violation and thus that the evidence was admissible.

It is well established that a defendant has no right to protest a warrantless search of property that the defendant has abandoned. *E. g., United States v. Bush*, 623 F.2d 388 (5th Cir. 1980); *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) (en banc). The test of whether a defendant abandoned property is whether the defendant "voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search." *United States v. Colbert*, supra, 474 F.2d at 176. In this case, appellant called for aid, accepted aid from the Coast Guard, and voluntarily abandoned the "Lady Barbara." Clearly, appellant may not claim that he had an expectation of privacy in the ship.

Because we find that defendant had no expectation of privacy and thus cannot challenge the search and seizure, we do not reach the remaining contentions of the Government.

AFFIRMED.