**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Johnie A. HUNTER, Defendant-Appellant.**

No. 80–5502.

United States Court of Appeals, Fifth Circuit. Unit B

June 11, 1981.

Donald L. Ferguson, Miami, Fla., for defendant-appellant.

Joseph T. Urbaniak, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

---

Before HILL, FAY and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant, Johnie H. Hunter, appeals the District Court's denial of his motion to suppress evidence obtained in a warrantless search of an aircraft and a motel room. Finding substantial evidence in the record to support the District Court's conclusion that appellant had abandoned both the aircraft and his motel room, we affirm.

## I.

On February 15, 1980 an airplane was sighted at approximately 7:00 A.M. pulled off about twenty feet onto a grassy area of the only runway used for instrument landing at the Tico Airport, Titusville, Florida. The weather at the airport was foggy and the runway wet. Airport personnel went out to the plane and discovered that it had a flat tire and upon opening the unlocked door observed that the aircraft was packed with plastic covered bales emanating the odor of marijuana. Customs and police officials were notified and they arrived on the scene at about 7:30 A.M. They unloaded the aircraft and moved it to a location where it would constitute less of a hazard to moving aircraft. Found in the airplane was 2,081 pounds of marijuana and fingerprints which later were determined to match that of appellant, on the left window of the pilot's seat, the instrument panel and on a chart found in the airplane.

At approximately 6:00 A.M. the appellant called the Holiday Inn at Titusville requesting to be picked up by a courtesy car from the Bellewood Restaurant which is approximately 2.5 miles from the Tico Airport. The requested transportation was provided to appellant, who stated to the desk clerk that his car had broken down. Appellant checked in without any luggage at 6:25 A.M. and paid for the room, in advance, in cash. He then made a long distance phone call between 7:00 and 7:30 A.M. which subsequently, at the request of the desk clerk, he paid for in cash. After paying for the call appellant ate breakfast and left the establishment having been advised that check out time was 12:00 noon and having informed the desk clerk that he would be out around then.

Drug Enforcement Administration officers came to the Holiday Inn in search of appellant and spoke with the assistant manager on duty that morning. At the suggestion of the officers the assistant manager asked the housekeeper to ascertain if appellant still occupied the room. She knocked on the door at about 11:00 A.M. and receiving no reply used her pass key to enter. She found a disarrayed bed, the room key on the nightstand and two keys on a chain, with another single key, in the toilet bowl. Upon learning this the officers entered the room, seized the keys, which were later determined to fit the master lock on the door of the airplane, and found a fingerprint which matched that of appellant.

## II.

Appellant contends that the testimony adduced at the suppression hearing does not support a finding that he had abandoned the plane or the motel room. We are unpersuaded. In *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) (*en banc*) this Court set out the principal considerations in determining whether by voluntary abandonment an individual no longer has a legitimate expectation of privacy in property searched and seized. *See Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The issue is obviously one of intent inferred from words spoken, acts done and other objective facts. 474 F.2d at 176.

Appellant left his disabled aircraft unattended, unlocked and in a position where it constituted a hazard to other aircraft by its close proximity to the instrument landing runway and partial obstruction of the taxiway. He did not notify any official at the airport of his intention to repair the flat tire or have the aircraft removed to a safer more protected place in the airport, nor manifest any other possessory intent. Rather his actions were tantamount to dis-

claiming any interest in or connection with the marijuana laden aircraft. *See United States v. Edwards*, 644 F.2d 1, 2 (5th Cir. 1981); *United States v. Byers*, 600 F.2d 1130, 1132 (5th Cir. 1979); *United States v. Williams*, 569 F.2d 823, 826 (5th Cir. 1978).

It also appears clear that the appellant had given up his rental interest in the motel room. He had paid his bill in full, indicated that he was departing by checkout time that day and left the motel with the room key locked inside the room. The mere fact that the room was entered prior to checkout time to ascertain whether it was occupied, and then searched, does not aid appellant's arguments. *See Feguer v. United States*, 302 F.2d 214, 248–49 (8th Cir. 1962); *Parman v. United States*, 399 F.2d 559 (D.C.Cir. 1968). *Cf. United States v. Manning*, 440 F.2d 1105, 1110–11 (5th Cir. 1971). Therefore, the decision of the District Court is AFFIRMED.