THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES E. WEBER, Defendant-Appellee.

Third District    No. 80-566

Opinion filed July 28, 1981.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This matter is before us for consideration a second time. In the first instance, we determined that the defendant, James E. Weber, possessed the legal standing necessary to contest the constitutionality of a police search under the fourth and fourteenth amendments. (*People v. Weber* (1980), 80 Ill. App. 3d 1025, 400 N.E.2d 926.) The United States Supreme Court in a memorandum decision, *Illinois v. Weber* (1980), ___ U.S. ___, 66 L. Ed. 2d 124, 101 S. Ct. 260, ordered a further consideration of the standing issue in the light of its intervening opinion in *United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547.

In October of 1978, Daniel Beals rented a second-floor apartment in La Salle, Illinois, above the La Salle Florist Shop. There were no other tenants anywhere in the building, nor were there any other apartments. The defendant Weber was not a co-tenant of the second floor apartment.

On the 17th day of the month in question, a La Salle County deputy sheriff recognized the defendant driving a 1961 Chevrolet automobile. Recalling that a similar automobile had been reported as being stolen, the deputy contacted the La Salle Police Department, confirmed his recol-

lection, and requested assistance. In the meantime, the defendant and his five passengers had entered Beals' apartment.

When the requested assistance arrived, the sheriff's deputy and the police officers climbed the stairs to the second-floor apartment, entered the open doorway to the apartment from the upstairs hallway, and walked through the partitioned entry to the living room portion of the apartment. There they observed the defendant, Beals, and several women together with bags of marijuana. The law enforcement officials had neither a search warrant nor an arrest warrant. Further, their presence was unnoticed and unannounced until they were in the apartment's living room.

The defendant was charged with unlawful possession of cannabis; he moved to suppress the evidence of the cannabis seized in Beals' apartment, urging that his constitutional rights were intruded upon. Indeed, the motion filed by the defendant alleges numerous acts of illegality which took place and asserts that those illegal acts violated his rights under the Constitution of the United States and the Constitution of the State of Illinois. The trial court agreed with the defendant.

On the first occasion that this matter was before us, we relied on the automatic standing rule which provides that a criminal defendant's constitutional rights are automatically violated when items he is charged with illegally possessing are searched for or seized in an improper manner. The automatic standing rule was recently reconsidered and rejected in two opinions of the United States Supreme Court, *United States v. Salvucci* and *Rawlings v. Kentucky* (1980), 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556. The conclusion of those cases was that "[t]he person in legal possession of a good seized during an illegal search has not necessarily been subject to a Fourth Amendment deprivation." (*United States v. Salvucci* (1980), 448 U.S. 83, 91, 65 L. Ed. 2d 619, 627-28, 100 S. Ct. 2547, 2552.) The justices of the nation's highest court held that:

> "* * * an illegal search only violates the rights of those who have 'a legitimate expectation of privacy in the invaded place.' (*U.S. v. Salvucci*, 448 U.S. 83, 91-2, 65 L. Ed. 2d 619, 628, 100 S. Ct. 2547, 2553.

> "[T]he values of the Fourth Amendment are preserved by a rule which limits the availability of the exclusionary rule to defendants who have been subjected to a violation of their Fourth Amendment rights." 448 U.S.83, 95, 65 L. Ed. 2d 619, 630, 100 S. Ct. 2547, 2554.

Our decision today reaches the same result as did our previous decision in this cause, not in spite of the intervening United States Supreme Court opinion (*United States v. Salvucci*), but because of an intervening opinion of the Illinois Supreme Court handed down in the

case of *People v. Holloway* (Docket No. 53416, filed June 4, 1981), ⎯ Ill. 2d ⎯, ⎯ N.E.2d ⎯.

In the trial of this matter by the circuit court the State did not object at any time to the defendant's fourth amendment standing. The prosecutor had two arguments in opposition to the defense suppression motion: first, he argued that the police were justified in entering the apartment; and second, he urged that the police had not yet entered the apartment when the suspected substance was seen. Of course, neither argument raises the issue of defendant's standing.

■■ As a general proposition of appellate practice, a litigant cannot raise an issue for the first time on appeal. Issues not raised below are considered waived. (*People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292.) Nevertheless, exceptions to that general rule do exist, for example where the matter of standing is considered but not challenged. (*People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97.) Recently, however, the Illinois high court has made it clear that under facts indistinguishable from the instant case, the matter of defendant's fourth amendment standing cannot be raised for the first time on appeal. *People v. Holloway*.

■■ With principal reliance on the *Holloway* rationale, we conclude that the State has waived its right to object to defendant's standing, and again rule that the circuit court correctly permitted the defendant to suppress the evidence seized.

Affirmed.

ALLOY and HEIPLE, JJ., concur.