**Gregory Biffle FRENCH and Ralph Herbert Mouret, Appellants,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–075–CR.**

Court of Appeals of Texas, Corpus Christi.

June 10, 1982.

John R. Howard, Mark Cohen, Cohen & Ivy, Austin, for appellants.

Wiley L. Cheatham, Dist. Atty., Refugio, for appellee.

Before NYE, C. J., and BISSETT and YOUNG, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from felony convictions of possession of marihuana in excess of four ounces. Each appellant was fined $5,000.00 and assessed ten years' probation.

In two related points of error, appellants attack the failure to suppress certain evidence and the admission into evidence of the contents of an airplane, which appellants claim were the product of an unlawful search.

The record reveals the following facts: On or about January 21, 1979, between 10:20 and 10:30 in the evening, Hans Vandervlugt, the resident manager of the Rooke Field Airport in Refugio County, was alerted by the sound of an approaching airplane. From the front door of his trailer at the airfield, he observed the lights of an airplane just touching down. He continued to watch the airplane until it came to rest.

From the apparent positions of the plane's lights, it indicated to him that one wing was tipped higher than the other. Vandervlugt concluded that the pilot might be in trouble. He immediately put his boots on, grabbed a flashlight and headed toward the airplane in his car which was at most 1,500 feet away. He arrived at the scene no less than two nor more than five minutes from the time the plane stopped moving.

As Vandervlugt approached, he observed an unoccupied aircraft, instrument and running lights operating. The aircraft was standing crossways in the runway. The plane's nose gear had collapsed, one wing tip was slightly damaged and its propeller tips were bent. Vandervlugt stated that the plan was unflyable. Vandervlugt testified that he observed that the plane was filled with small packages of varying size. The left-side door was open and two small packages were out on the ground. Vandervlugt circled the plane in his vehicle, searching for the passengers, but they were nowhere to be found. He testified that he thought that he would have seen anyone who had not either fled very fast or hidden in the tall grass adjacent to the airstrip.

Vandervlugt suspected "a marihuana hauler," so he had his son telephone the local sheriff. Within a few minutes, law enforcement officers arrived, searched the ground around the airplane for possible occupants, and then searched the plane itself. Deputy Sheriff Deel, the first officer on the scene, testified that he noticed what he thought to be marihuana in one of the packages that was on the ground near the plane. That particular bundle was wrapped in clear plastic. Deel also testified to a heavy odor of marihuana emanating from the plane.

Meanwhile, other law officers apprehended and arrested the appellants running on the road leading from the airfield to the town of Refugio.

We conclude from all of the evidence that the appellants forfeited their rights to complain of the search of the airplane in question by abandoning the aircraft and its contents.

"Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts * * * All relevant circumstances existing at the time of the alleged abandonment should be considered. * * The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or other-wise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search. . . ." *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973). (en banc) Quoted in *Smith v. State*, 530 S.W.2d 827 (Tex.Cr.App.1976).

The evidence in this case, summarized above, was sufficient to show that appellants abandoned the plane and its contents. The appellants no longer had a reasonable expectation of privacy with regard to them at the time of the search. See *United States v. Hunter*, 647 F.2d 566 (5th Cir. 1981).

The judgment of the trial court is affirmed.