**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy B. SCRIVNER, Defendant-Appellant.**

No. 81–1561
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1982.

Michael Stuhff, Flagstaff, Ariz., for defendant-appellant.

Sidney Powell, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GEE and GARZA, Circuit Judges.

GEE, Circuit Judge:

Convicted of theft of cigarettes from an interstate shipment, Scrivner appeals. His sole complaint is of asserted error in the refusal of the trial court to suppress fatally incriminating evidence discovered in a warrantless search of certain trucks. The ground upon which the search was sustained is that of antecedent abandonment by Scrivner of the items and area searched. Though there can be scant doubt of his guilt, there can be even less that his fourth amendment rights were violated by the search complained of. Controlling authori-

ty leaves us no choice of remedy as to such a violation.[1]

About a year ago, between 3:30 and 4:00 a. m. in Anthony, a small town on the Texas-New Mexico border, the municipal police were alerted by a "silent" burglar alarm that was, the record indicates, disposed to cry wolf. An officer who was dispatched to investigate encountered two vehicles on the way. About half a block from the site of the alarm, he observed Scrivner, driving a passenger car, pull out of a driveway near a recently burglarized business. On being stopped, Scrivner identified himself and explained that he and his female passenger had been "smooching." A second vehicle in the same vicinity, a truck, was also stopped and then allowed to depart, the truck driver explaining that he had been checking his tire pressures.

After ascertaining that the alarm had been a false one, the policeman returned to the area where he had stopped the vehicles, a warehouse in poor repair. Entering the premises, he discovered a rental-service truck with its cargo door slightly ajar parked behind the building. Through the door the officer could see unidentifiable boxes. Checking the building and finding nothing amiss, he returned to the truck, opened its rear door, and identified the boxes as containing cigarettes. Further investigation revealed that the windows to the truck cab were open and its keys in the ignition. Taking the keys and closing the door, he prepared to depart. As he did so, he spied through the open door of the warehouse another rental truck, this one inside it.

After returning to headquarters and calling for help, the officer returned with others to the scene. A search of the cabs and glove compartments revealed the truck lease agreements and that the second truck was also parked with its keys in the ignition. Suspecting no criminal activity at that time, the police impounded the trucks for their owner's protection. Later they learned that the cigarettes were from a hijacked shipment; and later that day, when Scrivner and another claimed the trucks, they were arrested.

Scrivner testified without dispute that he was the lessee of both trucks and warehouse at the time of the search. The police also admitted that they had been advised that the warehouse was leased by persons who would be loading produce at night because it was cooler then. The district court concluded that Scrivner lacked standing to contest the search because he had abandoned the trucks. We disagree.

■ Abandonment is primarily a question of intent, and intent may be inferred from words, acts, and other objective facts—the question being whether the actor has voluntarily discarded or relinquished his interest in the property in question. *United States v. Colbert*, 474 F.2d 174 (5th Cir. 1973) (en banc). Our authorities relied on by the trial court treat of far more extreme fact situations than that presented today. *Colbert*, for example, concerned briefcases left resting on a public sidewalk by their possessors, who walked away in view of police. And in *United States v. Hunter*, 647 F.2d 566 (5th Cir. 1981), a drug-loaded airplane with a flat tire was left obstructing a taxiway twenty feet from the instrument landing runway of a publicly used airport in bad weather. Others cited involved ships departed by their crews when in distress and aground, *United States v. Edwards*, 644 F.2d 1 (5th Cir. 1981), or on the high seas, *United States v. Byers*, 600 F.2d 1130 (5th Cir. 1979), and an unlocked trailer left in a rest area beside a public highway, *United States v. Williams*, 569 F.2d 823 (5th Cir. 1978). We see little correspondence between such facts as these and those present here: at an early morning hour, one's leaving two loaded trucks leased by him—unlocked and with the ignition keys to be sure—on or in warehouse premises also leased by him. Such an act is doubtless careless and imprudent, but it scarcely suf-

1. No contention is made here that the actions of the police were, though illegal, done in an objectively reasonable and subjectively good-faith belief that they were not. *United States v. Williams*, 622 F.2d 830 (5th Cir. 1980) (en banc).

fices to support a conclusion that he has cast the vehicles aside, relinquishing his interest in them. Doubtless many a householder does the same from time to time, leaving his car in his driveway or garage, trunk unlocked and keys in the ignition. The order below cannot be affirmed on this ground.

Because another was advanced below, however, on which the court did not pass,[2] and because we think it preferable that the question be first addressed by the district court, we vacate that court's order insofar as it rests on the ground of abandonment and remand the case for further proceedings.

VACATED AND REMANDED.

---

2. Inventory search after the impoundment.