**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Edward COMPTON, Defendant-Appellant.**

**No. 82–1557**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 6, 1983.

Charles D. Butts, San Antonio, Tex. (Court-appointed), for defendant-appellant.

Ms. Sidney Powell, Joe Turner, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Charles Edward Compton appeals from his conviction on a jury verdict for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Sentenced to fifteen years imprisonment with lifetime special parole, he here asserts that the trial court erred in denying his motion to suppress seized cocaine, that the evidence was insufficient to sustain the jury verdict, and that the trial court abused its discretion in imposing a severe sentence. Finding no merit in any of Compton's claims, we affirm.

Federal law enforcement agents were pursuant to a warrant conducting a search for counterfeit money at a residence in San Antonio. Secret Service Agent Holland was standing in the doorway of the house that was being searched when Compton, the defendant, drove up, parked in front of the house, and started to come through the gate into the front yard. Compton then turned, crossed the street and walked into a neighboring yard. An agent told Agent Bomar, who was in the house, what he had seen. The agents questioned a nearby couple. No one recognized Compton.

Meanwhile Compton walked up the driveway toward the backyard of a duplex across the street from the agents. Compton and another agent went around the house toward the backyard. Agent Bomar went around the opposite side. When Bomar reached the backyard, Compton was walking away from a large plastic bag of trash. Gonzalez, a resident of the duplex, told Bomar that Compton had tossed something into the trash. Agent Bomar told Compton to remain where he was while he searched the trash. He then told another agent to search Compton. There was heavy dew, but Agent Bomar found one dry bag in the wet trash. Agent Bomar showed the bag to Gonzalez, who identified it as the one Compton had dropped in the trash. The bag contained what appeared to be cocaine. Agent Bomar officially placed Compton under arrest and turned him over to DEA agents.

After Compton was advised of his rights he signed a consent to search his car. DEA agents found fifteen plastic bags containing cocaine and a plastic bag with approximately twenty dilaudid pills in its glove compartment. Dilaudid is a synthetic alkaloid, sometimes called synthetic heroin. It is a schedule II prescription drug. The drugs were in a brown paper bag that was the same size and type as the one found in the trash can. Compton moved to suppress. The court carried the motion to trial and denied the motion after the jury verdict. Compton was sentenced to fifteen years with a lifetime special parole term. His Fed.R.Crim.P. 35 motion was denied.

*Search of the Trash and the Automobile*

■ Compton argues that the initial arrest was invalid and that the evidence obtained from the trash should have been suppressed. The legality of the initial detention or arrest is of no aid to Compton. Compton has no standing to contest the seizure of the drugs from the trash, having abandoned the bag. *See United States v. Scrivner,* 680 F.2d 1099, 1100 (5th Cir.1982).

Compton also argues that the search of his car was made pursuant to an involuntary consent because the agent told him that once he was arrested, if he did not consent, the agents would obtain a warrant and search the car; that when he was so told he was handcuffed and surrounded by six agents. He also notes, without explanation of its relevance, that the consent was dated two months prior to arrest.

■ Whether a consent is valid is a determination to be made from the totality of the circumstances. *United States v. Hall,* 565 F.2d 917, 920 (5th Cir.1978). Because the district court made no specific findings, this court must review the record. *Id.* The fact that one is arrested before the

consent is given is not sufficient to find coercion. *Id.* In this case, as in *Hall,* Compton's statement that he had nothing to hide, as well as his failure to allege any threats or promises by the agents other than their intention to obtain a warrant if he did not consent, supports the court's decision to admit the evidence. The trial court did not err in deciding that the consent was voluntary. His claim that the consent was dated wrongly, without more, raises no cognizable issue.

### Sufficiency of the Evidence

Compton alleges that his motion for judgment of acquittal should have been granted because the seized evidence ought to have been suppressed. He claims the trial testimony of Gonzalez and the agents contradicted each other and the agents acted on no more than a hunch.

██ It is axiomatic that a jury may "choose among reasonable constructions of the evidence," *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), and on appeal the evidence presented and all reasonable inferences must be viewed in the light most favorable to the government. *Id.; Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). To sustain a conviction pursuant to 21 U.S.C. § 841(a)(1), the government must prove that a defendant knowingly possessed the controlled substance with intent to distribute it. Intent may be inferred from the quantity. *United States v. Vergara,* 687 F.2d 57, 61–62 (5th Cir.1982).

██ The evidence that Compton threw the bag in the trash and that cocaine was found in his car was sufficient to show knowing possession. The bag seized from the trash contained two bags of cocaine with a total weight of approximately 33 grams. There are 28 grams in an ounce with a street value of $250 per gram. One bag was 82 percent and the other 83 percent pure. The bag found in Compton's car contained fifteen small bags of 35 percent pure cocaine. A government witness testified that the fifteen bags were packaged and folded in a manner that readied them for street sale. There was, however, no evidence as to their total weight. In *United States v. Ehlebracht,* 693 F.2d 333, 339 (5th Cir.1982), this court found that possession of four ounces of 65 percent pure cocaine supported an inference of intent to distribute. At the same time, possession of one or two grams has been found to be insufficient to support such an inference. *United States v. Olvera,* 523 F.2d 1252, 1253 n. 1 (5th Cir.1975). Compton beyond question possessed in excess of an ounce of near pure cocaine. This, with the fifteen bags of lesser purity cocaine packaged for street sale, is sufficient evidence of intent to distribute.

### Sentence

Compton alleges that the court abused its discretion in imposing such a harsh sentence. He argues that the sentencing violates his right to due process and amounts to cruel and unusual punishment. He did not appeal from the denial of his Fed.R. Crim.P. 35 motion but has raised the sentencing point on direct appeal.

██ Compton alleges that his sentence is disproportionate to other sentences for similar offenses. The sentence, concededly within the statutory limit, did not amount to cruel and unusual punishment in violation of the Eighth Amendment. *See United States v. Nichols,* 695 F.2d 86, 93 (5th Cir.1982) (*citing Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)).

██ A judge has wide discretion in sentencing. Of course, due process requires that a defendant be provided an opportunity to rebut factual assumptions relied on by the judge. *See United States v. Gonzalez,* 661 F.2d 488, 495 (5th Cir.1981). Compton was afforded a sentencing hearing at which both he and his lawyer addressed the sentencing judge and affirmed the accuracy of the pre-sentence report. The trial judge stated in open court that he was refusing leniency because of Compton's extensive prior criminal record as outlined in the presentence report.

AFFIRMED.