**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Walter McMAHON, and Orville Meyer,**
**Defendants-Appellants.**

No. 82–5397
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 8, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 1, 1983.

Certiorari Denied Nov. 28, 1983.
See 104 S.Ct. 507.

Stephen H. Rosen, Paul Morris, Miami, Fla., for Meyer.

Federal Public Defender Robyn J. Hermann, Miami, Fla., for McMahon.

Stanley Marcus, U.S. Atty., Nancy L. Worthington, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants, Elton Orville Meyer and Walter McMahon, seek review of their convictions for conspiracy to possess and distribute cocaine, possession with intent to distribute cocaine, distribution of cocaine and, in Meyer's case, use of a communication facility in the commission of a felony.[1] We affirm.

The basic facts of this case are set out in *United States v. Meyer,* 656 F.2d 979 (5th Cir. Sept. 21, 1981). That decision of the former Fifth Circuit reversed the district court's order suppressing certain evidence

---

1. One of appellants' co-defendants, Joe E. Abbott, was convicted in a separate proceeding, and the conviction was affirmed on appeal. *United States v. Abbott,* 665 F.2d 352 (11th Cir.1981). The government apparently dismissed the charges against another co-defendant, Steven Hodlow.

against appellants. On remand, appellants were convicted in a jury trial. In this appeal from those convictions, appellants raise four contentions.

■■■ Appellants' first contention can be disposed of rather easily. Although appellants argue that the district court erred in failing to charge the jury that it should consider evidence of a witness's mental condition in judging the credibility of his testimony, a review of the record indicates that appellants did not request such an instruction and made no objection to the instructions the court actually gave regarding the credibility of witnesses. Under Fed.R. Crim.P. 30, objections to jury instructions which are not timely made are waived unless the instruction constitutes "plain error." *United States v. Thevis,* 665 F.2d 616, 645 (5th Cir.) (Unit B), *cert. denied,* —— U.S. ——, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982).[2] A jury charge constitutes "plain error" only if the charge, considered as a whole, is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or to seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* Appellants have not contended, nor could they reasonably contend, that the district court's failure to give the instruction that they now request constituted "plain error" under this standard. The district court gave standard instructions regarding the credibility and impeachment of witnesses, informing the jury that it was the sole judge of the credibility of each witness and that it could give each witness's testimony whatever weight it thought the testimony deserved. Even assuming *arguendo* that the court erred by not elaborating on these instructions, the court's charge certainly was not so erroneous as to result in a miscarriage of justice or to adversely affect judicial proceedings. Accordingly, we reject appellants' challenge to the jury instructions.

Appellants' second contention is that the district court erred when it failed to give them an opportunity to present evidence to establish their standing to challenge the constitutionality of a search of co-defendant Hodlow's apartment and the seizure of a kilogram of cocaine. The district judge declined to conduct a hearing on the standing issue because he believed the former Fifth Circuit had already determined that appellants lacked standing to make a Fourth Amendment challenge. Our review of the record indicates that the district judge was correct. In *United States v. Meyer, supra,* the former Fifth Circuit stated:

> The issue on appeal is whether defendants had a legitimate expectation of privacy in the area where the cocaine was seized, entitling them to challenge the legality of the search and seizure. We hold they did not have this expectation, and reverse the district court order which granted their motions to suppress.

656 F.2d at 980.

■ Appellants attempt to circumvent the former Fifth Circuit's holding by arguing that they did not have a full opportunity to present evidence of standing at the original suppression hearing and, therefore, that they should have been allowed to present additional evidence on the standing issue. The difficulty with this argument is that it was made and rejected on the previous appeal. In their reply brief, appellants note that in the prior appeal they argued that "even if standing had not been established, the defendants were entitled to prove standing at a new evidentiary hearing" in the district court. The former Fifth Circuit implicitly rejected this argument because, rather than remanding for a new evidentiary hearing, the court held that defendants had failed to establish an expectation of privacy in the area where the cocaine was seized and reversed the suppression order. 656 F.2d at 980–82. Thus, the district court correctly applied the "law of the case" doctrine, *see White v. Murtha,* 377

---

**2.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33 (11th Cir.1982), this court adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit. *Id.* at 34.

F.2d 428 (5th Cir.1967),[3] when it concluded that appellants should not be permitted to relitigate the standing issue.

Appellants' final two contentions relate to psychiatric reports prepared by two doctors who had examined the government's key witness, former DEA Agent Marshall. At the outset of the trial, appellants' counsel asked for copies of the reports. The prosecuting attorney did not have copies of the reports in his case file, and the trial judge decided to proceed with the trial rather than wait until appellants could obtain copies of the reports. Appellants now argue that the government's failure to provide them with copies of the psychiatric reports violated *Brady v. Maryland,* 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), and also deprived them of their Sixth Amendment right to confront and cross-examine witnesses.

■ "To establish a violation of *Brady* . . ., the appellants must demonstrate (1) that the prosecution suppressed evidence (2) that was favorable to the appellants or exculpatory and (3) that the evidence was material. . . . If the defense makes a specific request for material that is suppressed the standard of materiality is whether the suppressed evidence might have affected the outcome of the case." *United States v. Blasco,* 702 F.2d 1315, 1327 (11th Cir.1983) (citations omitted). Even if we assume, *arguendo,* that the government suppressed evidence which was favorable to appellants, we cannot conclude that appellants have demonstrated that the psychiatric reports constituted *material* evidence. On cross-examination at trial, Marshall testified that he had received a 40% psychiatric disability retirement from the government, that within two weeks of the events which led to this case he had been the subject of two internal DEA investigations which concerned accusations that he had made obscene phone calls and had maliciously destroyed another person's automobile, that he had been diagnosed as having a sociopathic personality with destructive and self-destructive tendencies, that a person with such a personality has difficulty dealing with authority, and that prior to the events which led to this case he had been under a great deal of personal stress and had been taking valium for several years. Obviously, appellants had an ample opportunity to attack the credibility of Marshall's testimony, and there is no indication in the record that this attack would have been strengthened if appellants had been given copies of the psychiatric reports they sought. Under these circumstances, we have no reason to believe that disclosure of the psychiatric reports would have affected the outcome of the case. Thus, appellants have not established a *Brady* violation because they have failed to demonstrate the materiality of the evidence which the government allegedly suppressed.

Moreover, "the government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *United States v. Prior,* 546 F.2d 1254, 1259 (5th Cir.1977). *See also, e.g., United States v. Brown,* 628 F.2d 471, 473 (5th Cir.1980) ("In no way can information known and available to the defendant be said to have been suppressed by the Government.") Appellants' counsel knew, or should have known, about the two psychiatric reports long before the day of trial because the existence of the reports was revealed at the trial of appellants' co-defendant, Abbott. *See United States v. Abbott,* 665 F.2d 352 (11th Cir.1981). Had they exercised reasonable diligence, appellants' counsel could have contacted the doctors who prepared the reports, just as Abbott's attorney did,[4] and obtained any rele-

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**4.** Abbott's attorney not only obtained copies of the reports, but also talked with at least one of the doctors who had examined Marshall. *United States v. Abbott, supra.* Nevertheless, Abbott's attorney "declined to call either doctor as a witness," *id.,* a fact which supports our conclusion above that appellants have not demon-

vant information or called them as witnesses. Consequently, appellants' *Brady* claim is without merit.[5]

Similarly, appellants' Sixth Amendment Confrontation Clause claim lacks merit. As noted above, the record simply does not support appellants' contention that without the psychiatric reports they were unable to cross-examine Marshall effectively. *Cf. United States v. Abbott, supra* (rejecting a similar challenge made by co-defendant Abbott regarding the "limitations" on cross-examination at his trial).

The judgment of the district court is AFFIRMED.

---

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, ANDERSON and CLARK, Circuit Judges, and MORGAN, Senior Circuit Judge.*

---

strated that disclosure of the reports would have affected the outcome of the case.

**5.** The trial judge summarized the facts succinctly during a colloquy at trial when he made the following statement to one of appellants' attorneys: "You don't have the reports in your file to cross-examine him on because you haven't done anything for two months." Record on Appeal, vol. 3, at 106.