UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis T. PERRY, Defendant-Appellant.

No. 83–8695.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1984.
Rehearing and Rehearing En Banc
Denied Dec. 20, 1984.

John C. Swearingen, Jr., Ben B. Philips, Columbus, Ga., for defendant-appellant.

Sam Wilson, Jr., Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before FAY, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

In this case appellant Lewis Perry appealed his drug conviction on four grounds: (1) that there was a variance between the allegations in the indictment and the proof at trial, (2) that the district court judge unduly restricted his cross-examination of a government witness, (3) that the judge erred in denying his motion to suppress evidence based on lack of standing to challenge the warrantless entry and search of the building in which Perry was arrested and in which the cocaine was discovered, and (4) sufficiency of the evidence.

In our prior opinion in this case, *United States v. Perry*, 740 F.2d 854 (11th Cir. 1984) we held that the first two grounds (variance and cross-examination) were without merit. Because we found that the district court failed to make findings of fact sufficiently specific to enable us to review its conclusion on the suppression issue, we remanded for further findings and retained jurisdiction. *See United States v. Torres*, 720 F.2d 1506 (11th Cir.1983). Accordingly we also deferred consideration of Perry's insufficiency of evidence claim. The district court's order on remand having been filed in this court, we now decide Perry's fourth amendment and sufficiency claims.

At the suppression hearing two witnesses, Perry's mother and a karate instructor, testified as to ownership of and control over admission to the building as relating to Perry's expectation of privacy in the studio. From the Order on Remand, appended to this opinion, it is clear that the district judge found the testimony of neither witness credible.

■ The record supports the trial court's credibility determination; hence we agree with the court below that Perry failed to demonstrate the requisite expectation of privacy to establish standing to challenge admission of the evidence in the context of a fourth amendment claim. We thus affirm the district court's denial of the motion to suppress.[1]

■ Having held that the evidence sought to be suppressed was properly admitted, we conclude that, based upon the record, the evidence was sufficient to support the jury's verdict of guilt. The evidence sought to be suppressed, combined with the other evidence adduced at trial, see United States v. Perry, supra, was sufficient to enable a jury to reasonably conclude that Perry was guilty beyond a reasonable doubt. United States v. Bell, 678 F.2d 547 (5th Cir. Unit B 1982) (en banc).

Having held all grounds to be without merit, we affirm the conviction.

AFFIRMED.

APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : CRIMINAL NO: 83–317–COL |
| vs. | : |
|  | : COURT OF APPEALS NO: 83–8695 |
| LEWIS PERRY | : |
| ——————————————— | : |

FINDINGS OF FACT

ELLIOTT, District Judge.

The United States Court of Appeals for the Eleventh Circuit has remanded the above captioned case to this Court for findings of fact concerning a prior determination that the Defendant failed to establish his standing to contest what he described as a search of a karate studio.

Defendant Perry filed a Motion to Suppress a brown paper bag containing cocaine seized on August 16, 1983 supposedly as a result of a search of a business located at 1493 Cussetta Avenue, Columbus, Georgia. As the moving party, Defendant Perry had the burden of establishing that he had a legitimate expectation of privacy in the item seized or the particular area searched. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); United States v. Meyer, 656 F.2d 979 (5th Cir.1981), cert. denied, [—— U.S. ——] 104 S.Ct. 507, [78 L.Ed.2d 697] (1984) [1983].

The Defendant claimed no ownership of and expressed no expectation of privacy in the cocaine or the paper bag. In an attempt to establish the required expectation of privacy in the place allegedly searched, Defendant called two witnesses, his mother, Mrs. Martha Perry, and Mr. Richard

---

1. The court further found that the defense failed to establish at the hearing that there was an illegal entry into or search of the building or of any particular location. Because of our ruling on lack of credibility we need not address this conclusion.

Sumbry, a person who was employed at the building.

The Defendant's mother testified that she owned the building and leased it to the Defendant at $250.00 per month. The witness, a Grade 6 Civil Service employee at Fort Benning, could not recall the purchase price of the building and produced no deeds, leases, rental agreements or rent receipts. She was not a credible witness.

Mr. Sumbry testified that he was employed at the building. He stated that three persons possessed keys to the building: the Defendant, a female aerobic dance instructor, and himself. The witness did not state how he possessed this knowledge. If Mr. Sumbry issued the keys, then he, not the Defendant, would be the ultimate arbiter of who could or could not enter the building. If someone other than Mr. Sumbry issued the keys, Sumbry's testimony would be hearsay. Neither possibility advances the claim of Defendant's expectation of privacy.

In addition, Mr. Sumbry first answered, "Not really, no, Sir," to the question, "Does Lewis Perry have a right to exclude everyone from that studio, tell them to get out?" After a conversation among this judge and all counsel in the presence of the witness concerning the testimony, the Court permitted Defense Counsel to recall Mr. Sumbry at which time he stated that the three persons with keys had authority to exclude people from the building. Mr. Sumbry, likewise, was not a credible witness.

One of the difficulties at the Suppression Hearing resulted from the circumstance that the moving party never established that there was a search much less the particular location within the building which was supposedly searched. Later, at trial, the government established that DEA Agents then in the process of arresting Defendant Perry saw Perry throw the package of cocaine into an opening in the ceiling of the building. The officers retrieved the package. This evidence was not produced until after the Suppression Hearing.

The Motion to Suppress is and was denied because the witnesses called by the Defendant were not credible, and the defense failed to establish at the Hearing that there was an illegal entry into or a search of the building or a search of any particular location therein. Thus, even if the two witnesses had been credible, there was no legitimate expectation of privacy established in the place searched because neither the search nor the place were proved at the Hearing.

SO ORDERED on the first day of September, 1983, and so stated this 17 day of September, 1984.