**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John David DAVIS, Robert Lee Anderson, Opry Felton Lowe, Ronnie Berg Mills, Defendants-Appellants.**

No. 85–8289.

United States Court of Appeals,
Eleventh Circuit.

April 28, 1986.

---

Jim Whitmer, Gainesville, Ga., for Davis.

Jack E. Boone (Court-appointed), Augusta, Ga., for Mills.

Bobby Lee Cook, Summerville, Ga., for Anderson.

Jim Hudson, Athens, Ga., for Lowe.

J. Michael Faulkner, D. Gregory Weddle, Asst. U.S. Attys., Augusta, Ga., for the U.S.

Before VANCE, Circuit Judge, HENDERSON [*], Senior Circuit Judge, and LYNNE [**], Senior District Judge.

HENDERSON, Senior Circuit Judge:

On December 7, 1984, John David Davis, Robert Lee Anderson, Opry Felton Lowe and Ronnie Berg Mills were convicted by a jury in the United States District Court for the Southern District of Georgia of numerous charges arising out of a drug conspiracy. They challenge their convictions on numerous grounds, the most substantial being that the trial judge abused his discretion by admitting a prior conviction of John David Davis. We affirm.

The appellants were charged with participating in a drug smuggling scheme directed by Larry Douglas Evans. The government's case was based almost entirely on the testimony of co-conspirators convicted in the 1983 trial of *United States v. Evans, et al.*, CR 182–41 (S.D.Ga.1983). Davis was the sheriff of Dawson County, Georgia at the time of his indictment. The government presented evidence that Davis participated in the importation of marijuana to the south Georgia area in June, 1981. Davis also made arrangements for Larry Evans to bribe Sheriff Charles Starrett of Elbert County, Georgia in return for his aid in the importation plan. Robert Lee Anderson was connected by the government's witnesses to the same drug transaction in June, 1981 and to numerous marijuana deals conducted with Larry Evans at a local restaurant. Opry Felton Lowe, a

---

[*] *See* Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

[**] Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

farmer, constructed several airstrips at Evans' behest which were used for drug importation. Ronnie Berg Mills, a former Georgia State Revenue Agent, acted as a lookout for Evans at an airstrip used by aircraft to fly in illegal drugs and also provided Evans with useful information concerning the surveillance activities of law enforcement officials. All of the appellants were convicted on every count of the indictment in which they were indicted.

The appellants claim that the district court committed reversible error by allowing the government to cross-examine Davis about a previous conviction. They argue that the admission of this evidence violated a stipulation entered into by all of the appellants and the government. They also contend that the court erred as a matter of law by not making an on-the-record finding that the probative value of the conviction outweighed its prejudicial impact.

Near the end of the government's case, all four appellants and the government entered into an agreement whereby the government assented not to offer into evidence Davis' prior 1966 conviction of conspiring to possess non-tax paid whiskey[1] in return for Davis' promise not to call any character witnesses. In addition, the government agreed to refrain from introducing certain evidence of bad acts which had been previously held to be admissible in return for the defendants' concession to withdraw their objections to the introduction of a prior consistent statement made by Larry Evans to his attorney.[2]

On direct examination, Davis was asked by his attorney whether he had "ever conspired with anybody to import, possess, or distribute any illegal substance?" Record on Appeal, Vol. 19 at 43. He answered the question negatively. Davis was also asked how often in the past he had seen Larry Evans and he responded "probably two or three times a year." *Id.* at 17. This testimony was untrue because Davis had seen Evans every day for a period of four months during the time when they were incarcerated together in a federal prison. Before the government began its cross-examination of Davis, the prosecutor notified the court that he intended to ask Davis about his prior conviction. The appellants objected, claiming that any discussion of that conviction violated the stipulation. The district court overruled the objection for the reason that Davis' misleading answers to the questions regarding his prior conviction and previous association with Larry Evans breached the stipulation.

Before us the appellants contend that Davis did not breach the agreement because his negative answer to the question relating to possession of an "illegal substance" was truthful because his previous conviction constituted a revenue law infraction rather than a possessory violation. We reject this distinction, however, and hold that the district court did not err by concluding that Davis' direct testimony created the false impression that he had never possessed an illegal substance when in fact he had previously been convicted for possession of non-tax paid liquor. Therefore, the court properly allowed the government to ask Davis about his prior conviction in order to correct that misstatement.[3] In addition, Davis' testimony that he only saw Evans two or three times a year was blatantly false and therefore the government had the right to inquire into his association with Evans in prison.

---

1. Davis received a Presidential Pardon in 1971.

2. The district court previously ruled this statement to be inadmissible.

3. The appellants maintain that the conviction should have been treated as nonexistent because Davis received a Presidential Pardon in 1971. The case they cite for this proposition, however, *United States v. Solomon*, 686 F.2d 863 (11th Cir.1982), merely held that the district court did not abuse its discretion by *not* admitting into evidence a conviction more than 10 years old for impeachment purposes against a witness. The opinion says nothing about a witness's right to lie about a conviction because he received a pardon from the President. Under the facts of the present case, we find that the government was properly permitted to correct the illusion that Davis presented to the jury that he had never before been convicted of possessing an illegal substance.

**1504**

■ It is further asserted that the district court erroneously allowed the government to call witnesses to testify that they would not believe Davis under oath. The appellants claim that the parties stipulated that neither side would introduce any character evidence. The district court, however, found that admission of the evidence was proper because the appellants had previously breached the stipulation and because, in any event, nothing in the stipulation prohibited the government from calling witnesses to testify as to whether they would believe Davis under oath. Anderson's Record Excerpts, Tab 10 at p. 9–10. Although the record is ambiguous as to the exact scope of the agreement between the parties, we find that the district court's interpretation of the stipulation must be accorded great deference. Accordingly, we find that the court committed no error when it allowed the government to call witnesses to impeach Davis' truthfulness.

Error is also assigned for the failure of the district court to make a finding on the record that the probative value of Davis' conviction outweighed its prejudicial impact. The appellants rely on *United States v. Preston,* 608 F.2d 626 (5th Cir.1979)[4] to support this proposition. In *Preston,* the court held that before admitting a prior conviction into evidence for impeachment purposes under Fed.R.Evid. 609(a)(1), a district court must state on the record that its probative value exceeds its prejudicial impact. Davis' conviction fell under Fed.R. Evid. 609(b) because it was more than ten years old but the policies underlying the *Preston* decision seem to apply equally to rule 609(b) and the Fifth Circuit Court of Appeals recently cited *Preston* as authority in a case where the conviction was based on evidence admitted under Rule 609(b). *United States v. Acosta,* 763 F.2d 671 (5th Cir.1985).[5]

■ Contrary to the appellants' assertion, *Preston* is not controlling here because Davis' prior conviction was not used for impeachment purposes but rather to establish the fact that Davis had previously possessed an illegal substance. In *United States v. Watchmaker,* 761 F.2d 1459 (11th Cir.1985), the court noted that "[e]vidence of past convictions need not be subjected to [the *Preston*] restrictions ... if it is offered for purposes other than impeaching a witness ...." In this case, the government asked Davis about the conviction not to cast doubt on his credibility but to dispel the illusion that he gave the jury that he had never possessed an illegal substance. We hold that this use of a prior conviction falls outside the scope of the *Preston* decision.[6]

■ Anderson urges that he was entitled to a severance of his trial once the district court allowed the conviction into evidence because he was not responsible for Davis' breach of the agreement yet he was penalized for that breach. Anderson claims that Davis' credibility was crucial to his case because Davis' testimony was favorable to him. The decision to deny a motion for a severance, however, lies within the sound discretion of the trial judge. *United States v. Graziano,* 710 F.2d 691, 694 (11th Cir.1983). To be entitled to a severance, a defendant must show that he will suffer compelling prejudice as a result of being tried with another defendant. *United States v. Alvarez,* 755 F.2d 830, 1857 (11th Cir.1985). Following this standard, we hold that the district court did not abuse its discretion in finding that the prejudice caused by the breach of the stipulation was not sufficiently compelling to require a severance.

---

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

**5.** *Acosta* is not binding upon this court and because of our disposition of this issue we need

not decide whether *Preston* applies to Rule 609(b).

**6.** We also find that the district court, did not, as a substantive matter, abuse its discretion by allowing the government to ask Davis about his prior conviction.

All of the appellants contend that discrepancies in the testimony of the government's witnesses between their grand jury testimony and their trial testimony were suppressed by the government in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In *Brady*, the Supreme Court held that the prosecution's failure to disclose exculpatory evidence to the defendant violated due process. This court has subsequently held that the *Brady* rule does not apply if the evidence in question is available to the defendant from other sources. *United States v. McMahon*, 715 F.2d 498, 501 (11th Cir.1983). Furthermore, assuming a specific *Brady* request was made, the failure to disclose favorable evidence results in reversal only if the nondisclosure might have affected the outcome of the case. *Id.*

■ The district court, in its order denying the defendants' motions for new trials, did not find any *Brady* violations because the appellants knew the identities of the government's witnesses prior to trial and had reasonable access to them so that they could have discovered the inconsistent statements. Anderson's Record Excerpts, Tab 10 at 12–13. Moreover, the court found that all of the witnesses were exhaustively cross-examined as to the discrepancies in their testimony and therefore even assuming a *Brady* violation, the appellants did not suffer any resulting prejudice. *Id.* Our review of the record convinces us that both of these findings are correct and therefore these *Brady* arguments have no merit.[7]

■ Lowe and Mills fault the district court's admission into evidence of certain opinion evidence by two of the government's witnesses. Noel Vandiver, a pilot, testified that Lowe told him that he (Lowe) knew a person who would pay Vandiver money if Vandiver "wanted to make a trip." Record on Appeal, Vol. 15 at 31. The government then asked Vandiver what

he thought Lowe meant by the statement and, over objection, Vandiver replied that he thought that Lowe was referring to an illegal act. *Id.* at 32.

Claude Kilgore, another government witness, testified that Evans told him "you don't have to worry about" Mills. Record on Appeal, Vol. 12 at 322. Kilgore was then asked his impression of the meaning of that statement and he responded that he thought Mills must have known about the "dope business." *Id.* at 323.

Fed.R.Evid. 701 permits lay opinion testimony if the opinion is "rationally based on the perception of the witness and [is] helpful to a clear understanding of his testimony or the determination of a fact in issue." Fed.R.Evid. 701. The admission of opinion evidence will be deemed error only upon a showing of an abuse of the trial court's discretion. *Scheib v. Williams-McWilliams Co.*, 628 F.2d 509, 511 (1980).

Lowe and Mills claim that the jury should have been allowed to reach their own conclusions regarding the import of Vandiver's and Evans' statements. Lowe in particular maintains that Vandiver's testimony was highly prejudicial because it corroborated that of Evans who was the main witness against Lowe. Although the better practice might have been for the trial court to disallow the opinion testimony, we cannot say that the court abused its discretion by admitting it. The witnesses' testimony was based on their perceptions of the conversations and the accuracy of those perceptions was a question for the jury. Therefore, we cannot say that it was reversible error to admit the opinion testimony.

The appellants raise numerous other alleged errors. We have carefully considered the entire record and the applicable law pertaining to these issues and find them to be without merit.

---

7. Lowe specifically complains about an FBI 302 report summarizing witness Vandiver's testimony that Lowe complains was exculpatory and not disclosed by the government. We have reviewed this report and find that it contains no exculpatory information. *See* Lowe's Record Excerpts at 71.

The judgments of conviction are AFFIRMED.