COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Felton and Senior Judge Willis
Argued at Richmond, Virginia


MARTHA C. TINGLE
                                                    MEMORANDUM OPINION* BY
v.       Record No. 2764-02-2                       JUDGE LARRY G. ELDER
                                                    FEBRUARY 24, 2004
CITY OF RICHMOND


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Beverly W. Snukals, Judge

              James B. Thorsen (Christopher C. Booberg; Thorsen & Scher,
              L.L.P., on briefs), for appellant.

              Gregory A. Lukanuski, Assistant City Attorney (John A. Rupp, City
              Attorney for the City of Richmond; Office of the City Attorney, on
              brief), for appellee.


       Martha C. Tingle (appellant) appeals from her misdemeanor conviction for violating a

city ordinance, Richmond Code § 19-52, which prohibits the accumulation of demolition

materials and other types of trash or refuse on one's property. On appeal, she contends the trial

court erroneously (1) quashed her request for discovery from the city employee who issued the

criminal summons against her; (2) ruled the employee who issued the summons had the authority

to do so; (3) concluded the ordinance under which she was charged was not unconstitutionally

vague; and (4) held the evidence was sufficient to support her conviction. We hold these

assignments of error are without merit, and we affirm.

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

A.

SUBPOENA *DUCES TECUM* AND DISCOVERY

Appellant contends the trial court erroneously quashed her request for issuance of a

subpoena *duces tecum* to Jorge Tirado, which subpoena sought the production of

(1) "documentary material" giving Tirado authority to issue "notice[s] of abatement[ for]

violations of [the] City of Richmond Environmental Code," (2) "documentary material" giving

Tirado authority "to enforce all provisions of the City environmental code," and (3) all evidence

of appellant's violation of the environmental code at 2223-25 Parkwood Avenue on or about

May 5, 2002, "concerning the unlawful accumulation of refuse." The trial court held that neither

Rule 3A:11 nor 3A:12 supported appellant's claim of entitlement to such material and that she

failed to establish the material was exculpatory and, thus, discoverable under Brady v. Maryland,

373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). We agree with the trial court's ruling.

Rule 3A:11 permits discovery in certain circumstances but expressly "applies only to

prosecution for a felony in a circuit court." Rule 3A:11(a). Because appellant's prosecution was

for a misdemeanor, Rule 3A:11 did not entitle her to discovery.

Rule 3A:12 provides that a criminal defendant may apply for a subpoena *duces tecum* to

obtain documents "in the possession of a person not a party to the action," i.e., a third party, "on

affidavit by [the defendant] that the requested writings or objects are material to the

proceedings." Rule 3A:12(b). Tirado, as an employee of the City of Richmond, the

governmental entity prosecuting appellant, and the person who requested issuance of the

criminal summons, was a party to the action. See Ramirez v. Commonwealth, 20 Va. App. 292,

296-97, 456 S.E.2d 531, 533 (1995); see also Cox v. Commonwealth, 227 Va. 324, 329 n.4, 315

S.E.2d 228, 231 n.4 (1984). Further, appellant failed to submit an affidavit of materiality as

- 2 -

required by the rule. Thus, assuming without deciding that Rule 3A:12 applies to misdemeanor charges in circuit court, appellant was not entitled to the discovery she sought under Rule 3A:12.

The evidence also supports the conclusion that the information appellant sought prior to trial was not <u>Brady</u> material[1] and that no <u>Brady</u> violation occurred.

Due process requires that the Commonwealth disclose all material exculpatory evidence to an accused. <u>Jefferson v. Commonwealth</u>, 27 Va. App. 477, 486, 500 S.E.2d 219, 224 (1998) (citing <u>Brady</u>, 373 U.S. at 87, 83 S. Ct. at 1197; <u>Stover v. Commonwealth</u>, 211 Va. 789, 795, 180 S.E.2d 504, 509 (1971)). The withholding of information from a defendant constitutes a <u>Brady</u> violation when the information is "(1) either directly exculpatory or [has] impeachment value, (2) suppressed by the government, and (3) material." <u>Lockhart v. Commonwealth</u>, 34 Va. App. 329, 345, 542 S.E.2d 1, 8 (2001) (citing <u>Strickler v. Greene</u>, 527 U.S. 263, 280-81, 119 S. Ct. 1936, 1947-48, 144 L. Ed. 2d 286 (1999)).

Prior to trial, appellant obtained possession of a copy of Tirado's job description, Property Maintenance Inspector II, and received a statement from the city clearly setting out the basis for its position that Tirado had the authority to enforce the environmental code. For the first time on appeal, appellant contends the city should have provided to her "the class description for an environmental code enforcement official," which she describes as "information [she] believe[s would] have contradicted [the] testimony of [City Building Commissioner Claude Cooper]" and would have "clearly shown that Mr. Tirado lacked the authority to issue the criminal summons against [appellant]." Appellant also contends that the "lack of documentary evidence of the authority vested in Mr. Tirado is exactly the type of <u>Brady</u>

---

[1] Appellant also contends that Rule 3.8(d) of Virginia's Rules of Professional Conduct required the Commonwealth to produce the requested documents. Although a violation of the Rules of Professional Conduct may subject an attorney to sanctions, such a violation does not provide any remedy to a litigant who may have been affected by that violation.

material that the City of Richmond should have been required to provide to [her] prior to the trial of this matter." We disagree for three reasons.

First, appellant made no claim at trial that such evidence would have been exculpatory and material and has not established such a claim on appeal. Prior to trial, the city informed appellant of its position that the Property Maintenance Inspector II job description, of which appellant already had obtained a copy, was broad enough to authorize Tirado's issuance of the criminal summons. When City Building Commissioner Claude Cooper testified on direct examination at trial, he testified in keeping with those representations. When appellant elicited testimony from Cooper on cross-examination that Cooper's office still employed environmental code enforcers, appellant did not assert an entitlement to the job description for that position and did not claim that it would include exculpatory information she should have received earlier. On appeal, she merely represents that "[she] believe[s]" the class description for the environmental code enforcement official would have contradicted Cooper's testimony that both those officials and Property Maintenance Inspectors II were authorized to enforce the environmental code. Mere "speculation" that the job description for an environmental code enforcement official "might contain 'potentially exculpatory evidence'" is insufficient to establish a Brady violation. Ramdass v. Commonwealth, 246 Va. 413, 420, 437 S.E.2d 566, 570 (1993).

Second, Brady is not violated "'if the evidence in question is available to the defendant from . . . sources [other than the government],'" United States v. Wilson, 901 F.2d 378, 380 (4th Cir. 1990) (quoting United States v. Davis, 787 F.2d 1501, 1505 (11th Cir. 1986)), and would have been "readily available to a diligent defense attorney" through those other sources, Lugo v. Munoz, 682 F.2d 7, 9 (1st Cir. 1982). "'The purpose of the Brady rule is . . . to assure that [the defendant] will not be denied access to exculpatory evidence known to the government but unknown to him.'" Lugo, 682 F.2d at 10 (quoting United States v. Ruggiero, 472 F.2d 599, 604

- 4 -

(2d Cir. 1973)).  Here, appellant presumably could have obtained the job description for the environmental code inspector position in the same fashion that it obtained the description for Property Maintenance Inspector II, which the city had represented was available online.  Thus, appellant failed to establish that the evidence was not available from another source.

Third, even assuming the job description was exculpatory and material and was not available from another source, we hold it was not evidence that the city should have known was exculpatory.  The mere fact that the city employed two different types of officials who were authorized to enforce the environmental codes was not inherently exculpatory.  Further, nothing in the record indicates the city should have been aware, prior to trial, that appellant believed the absence of the word "environmental" in the very broadly-worded job description of a Property Maintenance Inspector II would lead it to argue that the presence of that word in the job title of the environmental codes enforcer position meant only that official was authorized to enforce the environmental code.  Even when appellant articulated that position at trial, she made no argument that the environmental code enforcer's job description was exculpatory evidence that the city had had a duty to disclose.  Thus, no evidence indicated the city should have known the job description might have been viewed as exculpatory or that the city's failure to produce the job description prior to or during trial amounted to a Brady violation.

Accordingly, we hold the trial court did not err in granting the motion to quash appellant's request for a subpoena *duces tecum*.

B.

LEGITIMACY OF CRIMINAL SUMMONS SIGNED BY
PROPERTY MAINTENANCE INSPECTOR II

Appellant was charged with a violation of Richmond Code § 19-52.  Richmond Code § 19-55.1 provides in relevant part as follows:

(c) Any law enforcement officer, fire marshal or any of his assistants, fire inspectors, or sworn special police officer, is authorized and shall have authority to enforce all provisions of this article[, which includes Code § 19-52].

(d) Whenever it shall come to the knowledge of the City manager, or his designee, that there exists upon land or premises in the City any condition constituting a violation of Section 19-51, 19-52 or 19-54, such person shall serve, post, mail or deliver a notice to any of the following to cause the condition to be abated from such land or premise within forty-eight (48) hours of delivery or posting of such notice or in the time limit set forth in the notice:

\*        \*        \*        \*        \*        \*        \*

(4) The owner of the land or premises.

Proof of such service, delivery, mailing or posting shall be sufficient evidence of such notice.

Appellant contends Tirado, as a Property Maintenance Inspector II, lacked the authority to have the criminal summons issued against her. Again, we disagree.

The job description for Property Maintenance Inspector II provides that "[t]his class inspects existing . . . properties in the City . . . to ensure compliance with . . . applicable ordinances." The job description further provides that one of the essential tasks of the position is "prepar[ing] and issu[ing] inspection reports and documents, notices of violation and records of all complaints for caseload tracking." In addition, the description indicates that the job position "[p]repares, issues and serves court summons . . . to present cases before judicial hearings."

City Building Commissioner Cooper testified that his duties include administration of the Uniform Statewide Building Code and the environmental or nuisance codes. He defined the word "environmental" as meaning "junk, trash, debris, high weeds, junk cars, nuisance type violations . . . as well as [other] environmental type violations." Cooper supervised Tirado in his capacity as a Property Maintenance Inspector II. Cooper testified that the duties of such an inspector, as broadly outlined in the job description, encompassed enforcement of the

Environmental Section 19 of the Code of the City of Richmond, including Section 19-52, under which appellant was charged. Cooper explained that Tirado, employed as a Property Maintenance Inspector II under a job description approved by the City manager and city council, was a designee of the City Manager with the authority to enforce environmental regulations pursuant to Richmond City Code § 19-55.1. He also testified that a Property Maintenance Inspector II is a law enforcement officer for purposes of Richmond Code § 19-55.1. This evidence supports a finding that Tirado was authorized to enforce the environmental code.

Based on Cooper's testimony and the express language of Richmond Code § 19-55.1, we hold the trial court did not err in concluding that Tirado had the authority to issue the notice of violation and act as the complainant on the summons.

C.

CONSTITUTIONALITY OF STATUTE

Appellant contends the statute is unconstitutionally vague. Again, we disagree.

A penal statute is void for vagueness if it both fails to give a person of ordinary intelligence notice that her contemplated conduct is forbidden by the statute and encourages selective prosecution. Woodfin v. Commonwealth, 236 Va. 89, 92, 372 S.E.2d 377, 379 (1988). "These are 'complementary and interrelated parts of the test of vagueness *vel non* as applied to the conduct of the person before the court.'" Id. (quoting Stanley v. City of Norfolk, 218 Va. 504, 509, 237 S.E.2d 799, 802 (1977)).

Vagueness doctrine

> is based on the principle that no person shall be held criminally
> responsible for conduct which he could not reasonably understand
> to be proscribed. The root of the vagueness doctrine is a rough
> idea of fairness. It is not a principle designed to convert into a
> constitutional dilemma the practical difficulties in drawing
> criminal statutes both general enough to take into account a variety
> of human conduct and sufficiently specific to provide fair warning
> that certain kinds of conduct are prohibited.

Flannery v. City of Norfolk, 216 Va. 362, 366, 218 S.E.2d 730, 733 (1975) (citations and internal quotation marks omitted). "In determining whether a legislative enactment is unconstitutionally vague, the Supreme Court has considered whether the words used have a well-settled . . . meaning . . . ." Id.; see also, e.g., Pedersen v. City of Richmond, 219 Va. 1061, 1065, 254 S.E.2d 95, 98 (1979) (citing dictionary to determine "generally understood" meaning for adjective in ordinance).

Richmond City Code § 19-52 provides, in part: "It shall be unlawful for any person who owns or occupies property within the City to permit the accumulation of trash, garbage, refuse, litter, junk, demolition materials or other offensive, unwholesome, unsightly, unsanitary or unhealthy substances on such property . . . ." The word "demolition" is generally defined as "destruction of structures." Webster's Third New International Dictionary 600 (1981).

The summons states that appellant violated the ordinance by "allow[ing] the existence of a refuse (demolition material) . . . after issuance of an official notice of violation . . . ." Moreover, the evidence proved that the yard of appellant's property contained several large, conical shaped piles of unstacked bricks that appeared to have been dumped in heaps on the property. Some of the bricks had mortar on them and were still attached to other bricks with mortar. The evidence was sufficient for the trier of fact to conclude that the bricks came from a previously-existing structure and, thus, were demolition materials rather than new, unused bricks. In addition, the piles contained dirt and growing weeds.

As applied to appellant, Richmond City Code § 19-52 survives the constitutional challenge. A person of reasonable intelligence would know that these heaps of previously-used bricks were demolition materials, the accumulation of which the ordinance prohibited. Appellant's use of a portion of the bricks over a period of two years and her intent to use the

remaining bricks in future projects does not change the fact that the bricks on the property when the summons was issued were demolition materials obtained from the destruction of a structure.

Appellant also contends that the ordinance is unconstitutionally vague because it authorizes and encourages discriminatory enforcement. However, the terms used in the ordinance describe particularized items, the accumulation of which, when measured by common practice and understanding, is deemed to violate the ordinance. Therefore, the ordinance has sufficient definiteness to avoid arbitrary and discriminatory enforcement and is not unconstitutionally vague.

D.

SUFFICIENCY OF EVIDENCE TO PROVE VIOLATION

When an appellant contends the evidence was insufficient to support the conviction, "'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). So viewed, the evidence proved that, after the issuance of the notice of violation, appellant's property continued to contain several large piles of bricks, bricks attached together with mortar, dirt, and weeds. The bricks were not new, had apparently come from the destruction of another structure, and, at the time of trial, had been on the property for a period of almost two years. Appellant testified that she had already used a portion of the bricks and intended to use the remaining bricks for patios, walks, walls, or other projects.

From the evidence presented, the trial judge could conclude beyond a reasonable doubt that the bricks were demolition materials and that appellant's accumulation of the demolition materials on her property violated Richmond City Code § 19-52.[2]

## II.

For these reasons, we affirm the trial court's rulings (1) quashing appellant's request for discovery from the city employee who issued the criminal summons against her; (2) concluding the employee who issued the summons had the authority to do so; (3) holding the ordinance under which she was charged was not unconstitutionally vague; and (4) finding the evidence was sufficient to support her conviction.  Thus, we affirm appellant's conviction.

Affirmed.

---

[2] For the first time on appeal, appellant asserts as a defense Richmond Code § 19-53, which states, *inter alia*, that "[t]he provisions of Sections 19-51 and 19-52 shall not apply to . . . [l]egally authorized junk dealers or persons legally authorized to repair, rebuild, recondition or salvage . . . ."  Appellant did not assert this defense in the trial court and, thus, presented no evidence or argument as to whether she was a  person "legally authorized" under the exception.  Accordingly, we do not consider this issue on appeal.  See Rule 5A:18.