*646 JULIA SMITH GIBBONS,
concurring.
I concur in Judge Rogers’s opinion but write separately to make one point. The panel opinion does not reach the issue of whether the tapes were in fact Brady material in the first place, choosing instead to resolve the Brady issue on prejudice grounds. While its logic is sound, the case can also be easily resolved on the basis that these tapes do not fall within the ambit of Brady. The conversations memorialized in the tapes were conversations in which defendant Hicks was a participant. Whether or not Hicks knew that the conversations were recorded, he knew their contents, which could have provided the basis for cross-examination of Priscilla Claudio during her initial testimony. No Brady violation exists “where a defendant ‘knew or should have known the essential facts permitting him to take advantage of any exculpatory information,’ or where the evidence is available to defendant from another source.” United States v. Clark, 928 F.2d, 733, 738 (6th Cir.1991) (quoting United States v. Grossman, 843 F.2d 78, 85 (2d Cir.1988), and citing United States v. Davis, 787 F.2d 1501, 1505 (11th Cir. 1986)). This is a well-settled rule and is directly applicable here. Hicks knew the essential facts enabling him to take advantage of any exculpatory information imparted to him in the conversations before the government disclosed the existence of the recordings. Nothing further is required to analyze the Brady issue.