**Mark WIEDEMANN, Plaintiff-Appellant,**

v.

**Dr. Jaime Alberto GALIANO,
Defendant-Appellee.**

**No. 82–2450.**

United States Court of Appeals,
Seventh Circuit.

Argued April 5, 1983.

Decided Nov. 18, 1983.

Paul W. Grauer, P.W. Grauer & Assoc., Schaumburg, Ill., for plaintiff-appellant.

Edward T. Burr, Jr., Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant-appellee.

Before WOOD and CUDAHY, Circuit Judges, and WEIGEL, District Judge.*

WEIGEL, District Judge.

Plaintiff-appellant Mark Wiedemann appeals from an order of the United States District Court for the Northern District of Illinois, Eastern Division, denying his motion for a new trial. Our jurisdiction is founded on 28 U.S.C. § 1291.

On April 10, 1980, plaintiff filed this diversity action to recover damages for an injury allegedly sustained when defendant, a doctor, punctured plaintiff's right eardrum, rendering him virtually deaf on his right side. A principal exhibit at the jury trial was the "irrigating syringe" defendant had used in an effort to remove wax from plaintiff's ear. Plaintiff alleged that the eardrum was punctured due to defendant's negligent operation of the syringe. After the jury returned a verdict for defendant, plaintiff moved for a new trial based on alleged misconduct of defendant and defense counsel.

On June 14, 1982, in its decision on that motion, the district court found as follows:

The operative facts are not in dispute. Plaintiff's attorney saw the defendant and his attorney doing something with the syringe outside of the courtroom after it was admitted into evidence, but he did not realize what had occurred until several days after reflection and investigation. He then realized that defendant and his attorney lubricated the plunger of the syringe with oil so that it would not stick if the jury chose to operate it.

In the court's opinion, the action of the defendant's attorney in taking the exhibit out of the courtroom and altering its condition was a serious violation of professional responsibility ...

\*    \*    \*    \*    \*    \*

Brief of Appellant at App. 2, 3.

Nevertheless, the court conditionally denied plaintiff's motion on the ground that plaintiff had not shown he was prejudiced by the misconduct. Before rendering a final decision, the court permitted both sides to question the jurors to determine whether "the jury considered and was influenced by the mechanical condition of the syringe when it was in the jury room ..." In authorizing this procedure, the district court relied upon Illinois law.

Defendant thereafter filed the affidavits of several jurors in an effort to show that the mechanical condition of the syringe did not materially affect the jury's deliberations. Plaintiff moved to strike portions of the affidavits on the ground that they constituted incompetent juror testimony under Fed.R.Evid. 606(b) which provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

On August 6, 1982, the district court rendered its final decision denying plaintiff's motion for a new trial.[1] The court concluded that Fed.R.Evid. 606(b) did not preclude it from considering a portion of one juror affidavit "to the effect that the jurors experimented with the syringe to see how powerfully it extruded water and apparently determined from that experiment that this feature of the syringe could not have

---

\* The Honorable Stanley A. Weigel, Senior District Judge for the United States District Court for the Northern District of California, is sitting by designation.

1. The district court's decision discussed, but did not formally rule on, plaintiff's motion to strike.

caused the injury complained of." In the same decision, the court also appeared to consider the affidavits of two other jurors "in accordance with Illinois law," while recognizing that the affidavits were improper under Fed.R.Evid. 606(b). The district court denied plaintiff's motion for a new trial, concluding that the jury's verdict for defendant must stand despite the improper conduct of the defendant and his attorney. The question presented here is as to the correctness of that ruling.[2]

Federal, not state, law delineates the standards governing grant or denial of a motion for a new trial. *See General Foam Contractors, Inc. v. Tenneco Chemicals, Inc.,* 695 F.2d 281, 288 (7th Cir.1982); *Youdan v. Majestic Hotel Mgmt. Corp.,* 125 F.2d 15, 17 (7th Cir.1942); 11 C. Wright & A. Miller, Federal Practice and Procedure §§ 2802, 2853 (1973). Similarly, the competence of juror testimony to impeach a verdict is a question of federal law. *Id.* at § 2810. *See Gault v. Poor Sisters of St. Frances Seraph,* 375 F.2d 539, 549 (6th Cir. 1967) (federal, not state, standards control in determining whether or not extraneous influences have so prejudiced jury consideration as to warrant reversal).

The trial court's discretion is involved in considering whether or not "the trial was . . . fair to the party moving." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940), *quoted in General Foam Contractors,* 695 F.2d at 288. The misconduct of counsel or a party justifies a new trial where that misconduct prejudiced the adverse party. *See* 6A J. Moore, Moore's Federal Practice ¶ 59.08[2] (2nd ed. 1983). On a motion for a new trial, where an outside influence has reached the jury (here the effect of oiling the syringe), it is the district court's task to assess the probability that the jury's decision has been prejudiced by the outside influence. *United States v. Bruscino,* 687

F.2d 938, 941 (7th Cir.1982). However, in acquitting that task, the trial court may not base its decision upon inadmissible testimony.

So far as the testimony of trial jurors is concerned, the district court's inquiry into the validity of a verdict is governed by Fed.R.Evid. 606(b) (set out in full above). The Rule was designed to protect the entirety of the jury's deliberative process, including arguments, statements, discussions, mental and emotional reactions, and votes. Fed.R.Evid. 606 advisory committee note. The Rule does allow jurors to testify as to whether extraneous information or an outside influence reached them. However, it prohibits jurors from giving post-verdict testimony as to whether their deliberations, in fact, were prejudiced by the extraneous information or outside influence. *See Bruscino,* 687 F.2d at 941:

> . . . the judge is prohibited from questioning the jurors, after they have given their verdict, to determine whether their deliberations were in fact prejudiced by the introduction of documents not in evidence . . .

Here, in determining the validity of the jury's verdict, the district court expressly considered and relied upon juror testimony concerning the role of the syringe in the jury's deliberations, *i.e.,* testimony prohibited by Fed.R.Evid. 606(b) as "to the effect . . . upon any juror's mind or emotions as influencing . . . assent to or dissent from the verdict . . . or concerning his mental processes in connection therewith. . . ." Therefore, we reverse and remand to the district court for rehearing of plaintiff's motion for a new trial without consideration of testimony precluded by the provisions of Fed.R.Evid. 606.

---

**2.** The record does not clearly show whether plaintiff's motion for a new trial was made pursuant to Fed.R.Civ.P. 59(a) or 60(b). In either case, our standard of review is the same: Did the ruling entail an abuse of discretion?

*See Pitts v. Electro-Static Finishing, Inc.,* 607 F.2d 799, 803 (8th Cir.1979) (Fed.R.Civ.P. 59(a); *Bradford Exchange v. Trein's Exchange,* 600 F.2d 99, 102 (7th Cir.1979) (Fed.R.Civ.P. 60(b)).