**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Paul SJEKLOCHA, a/k/a Paul Cutter**
**and Charles St. Claire,**
**Defendants–Appellees.**

No. 87–3295.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1988.

486

Robert W. Merkle, U.S. Atty., Walter J. Postula, Managing Asst. U.S. Atty., Orlando, Fla., Robert J. Erickson, Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Leon B. Cheek, Casselberry, Fla., for Sjeklocha.

Wilbur V. Chaney, Orlando, Fla., for St. Claire.

Before VANCE and HATCHETT, Circuit Judges, and O'KELLEY*, Chief District Judge.

O'KELLEY, Chief District Judge:

This is an appeal from the district court's grant of a new trial for defendants-appellees Paul Sjeklocha, a/k/a Paul Cutter, and Charles St. Claire. On December 5, 1985, the appellees were convicted of unlawfully and willfully conspiring (1) to export defense articles designated on the United States Munitions List to Iran without an export license or written approval from the Department of State in violation of 22 U.S.C. §§ 2778(b)(2) and (c) and 22 C.F.R. 121.1, 123.1 127.1(a), and 127.1(d); (2) to defraud the United States in the implementation of foreign policy; (3) to use and cause to be used wire, radio, or telephone communications, in interstate and foreign commerce, in execution of the scheme to defraud the United States in violation of 18 U.S.C. § 1343; and (4) to transport knowingly, in foreign commerce, stolen or fraudulently obtained goods valued in excess of $5,000.00 in violation of 18 U.S.C. § 371, as charged in count one of the indictment. Appellees were also convicted of knowingly devising and intending to devise a scheme and artifice to defraud the United States and its agencies of the right to implement the foreign policy and conduct the affairs of the United States of America, and using and causing to be used wire, radio or telephone communications in violation of 18 U.S.C. § 1343, as charged in counts seven and thirteen of the indictment.

In November, 1986, while the appellees' appeals from their convictions were pending before this court, the President of the United States revealed that at or around the same time that the government was prosecuting the appellees, the United States had negotiated with Iran for the sale of military armaments, including the same type weapons that were the subject of the appellees' prosecution. Subsequent to that revelation by the President, the appellees

---

* Honorable William C. O'Kelley, Chief U.S. District Judge for the Northern District of Georgia, sitting by designation.

filed motions for a new trial pursuant to Federal Rule of Criminal Procedure 33. The basis for those motions was that if the newly discovered evidence that the United States had sold arms to Iran, the same conduct for which appellees were prosecuted, had been presented to the jury, the jury would have acquitted the appellees. The district court considered the pending motions for new trial, and, in its order of February 19, 1987, found that the newly discovered evidence not only met the criteria for granting a new trial, "but also that it is a paradigm case for a new trial as to these appellees."

Rule 33 provides that when a motion pursuant to that rule is filed during the pendency of an appeal, the district court has jurisdiction to deny the motion, but the district court cannot grant the motion without first having the case remanded by the court of appeals. *United States v. Bascaro,* 742 F.2d 1335, 1344 (11th Cir.1984), *cert. denied sub. nom., Waldrop v. United States,* 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985); *United States v. Fuentes–Lozano,* 580 F.2d 724 (5th Cir. 1978). Accordingly, the district court certified to this court that it was disposed to grant a new trial, if the case were remanded. On February 25, 1987, 813 F.2d 409, this court entered judgment remanding this case to the district court for such action as it deemed appropriate.

Following remand, the district court entered an order granting the defendants a new trial. In that order, the court stated that "[i]nstrumental in the court's decision to grant a new trial was a significant statement, which appeared in *The Orlando Sentinel* on November 15, 1986, by the jury foreman [at the appellees' trial]." In that article, the jury foreman said that he would change his vote in view of disclosures that the United States was negotiating, during the prosecution of the appellees, similar arms sales to Iran as those sales for which the appellees were convicted. The district court also relied upon the affidavit of the jury foreman filed in support of the motions for new trial, which reiterated and explained his statements which were published in *The Orlando Sentinel.*

The sole issue on appeal in this case is whether the district court abused its discretion in granting a new trial to appellees. For the reasons that follow, this court finds that the district court's grant of a new trial to the appellees was an abuse of discretion and that the district court's order of March 25, 1987 must be vacated.

When a defendant seeks a new trial based on newly discovered evidence, the newly discovered evidence must meet a four-part test before a new trial is proper: (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it will probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of diligence on the part of the defendant. *United States v. Williams,* 816 F.2d 1527, 1530 (11th Cir. 1987); *Bentley v. United States,* 701 F.2d 897, 898 (11th Cir.1983). A motion for a new trial is entrusted to the sound discretion of the trial judge and will only be reversed when the ruling is so clearly erroneous as to constitute an abuse of discretion. *United States v. Johnson,* 713 F.2d 654, 661 (11th Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984) (citing *United States v. Metz,* 652 F.2d 478 (5th Cir.1981); *United States v. Antone,* 603 F.2d 566 (5th Cir.1979)). District courts, however, should exercise "great caution" when granting new trials based on newly discovered evidence. *Johnson,* 713 F.2d at 661; *Mertz,* 652 F.2d at 479.

The district judge erred in relying upon the affidavit and the statement appearing in the Orlando newspaper given by the jury foreman, when deciding if a new trial was appropriate in light of the newly discovered evidence that the United States was negotiating, during the prosecution of the appellees, similar arms sales to Iran as those sales for which the appellees were convicted.

Federal Rule of Evidence 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. *Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.*

(emphasis added). Rule 606(b) strikes a balance between protecting the defendant's right to a fair trial free from substantial juror misconduct, while protecting the legitimate interests of preventing the harassment of jurors, supporting the finality of verdicts, and preserving the community's trust in a system that relies on the decisions of lay people. *Tanner v. United States,* — U.S. —, 107 S.Ct. 2739, 2741, 97 L.Ed.2d 90 (1987); *Maldonado v. Missouri Pacific Railway Co.,* 798 F.2d 764, 770 (5th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1571, 94 L.Ed.2d 762 (1987); *United States v. D'Angelo,* 598 F.2d 1002, 1004 (5th Cir.1979). For that reason, rule 606(b) limits juror testimony to only the question of whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was brought to bear upon any juror.

 In the article that appeared in *The Orlando Sentinel* on November 15, 1986, the jury foreman is quoted as saying "My reaction is that I'd like to call the judge and say I want to change my vote. What we are dealing with is a double standard.... I think Cutter, to some extent, might be telling the truth. I now have a reasonable doubt he was guilty." The jury foreman subsequently reiterated this statement on the nationally televised program "Good Morning America." In an affidavit given in support of the appellees' motion for a new trial, the jury foreman further explained his earlier statements. The jury foreman stated that in deciding whether or not to convict St. Claire and Sjeklocha, he placed considerable weight on the testimony of Clyde G. Bryant, Jr., Chief of Support Services Division of the Department of State. The foreman further stated that his understanding of Bryant's testimony was that there had been no authorized shipments of arms to Iran by either the government or private individuals since November, 1979.

Clearly the information contained in the affidavit of the jury foreman and the statement attributed to the jury foreman that appeared in *The Orlando Sentinel* concerned "the effect of anything upon that ... juror's mind or emotions as influencing the juror to assent to ... the verdict." Fed.R.Evid. 606(b). As the juror would be prohibited under the Federal Rules of Evidence from giving such testimony at a hearing on a motion by the appellees for a new trial, the trial court erred in considering the juror's affidavit and the newspaper statement attributed to the juror when deciding whether the appellees were entitled to a new trial based upon newly discovered evidence.

In the district court's order of March 25, 1987, the court stated that the foreman's statement was "instrumental in the court's decision to grant a new trial." The district court improperly based its decision to grant a new trial on the statement of the jury foreman, a statement which impeached the jury's verdict. This court finds that the district court abused its discretion in granting the appellees a new trial. *See Wiedemann v. Galiano,* 722 F.2d 335 (7th Cir. 1983). Although this court has serious concerns about whether the newly discovered evidence in this case would be sufficient to meet the four-part test required for a new trial, the court does not find it necessary to decide that issue at this time.

Accordingly, the district court is reversed and the order of March 25, 1987 is

vacated. This case is remanded to the district court for further proceedings consistent with this order.

REVERSED, VACATED and REMANDED.