**Jewel FALK, Plaintiff,**

v.

**Diana PALUCH, Defendant.**

**No. 93–C–7245.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 28, 1995.

William H. Tobin, Ruman, Clements, Tobin & Holub, Hammond, IN, for plaintiff.

Michael J. O'Halloran, Clifford M. Panek, Keely Truax, Parrillo, Weiss & O'Halloran, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Jewel Falk, moves for a new trial pursuant to Federal Rule of Civil Procedure 59 on two grounds: (1) that the judgment of the jury in favor of defendant, Diana Paluch, was contrary to the weight of the

evidence and (2) that the verdict was the result of defense counsel's misconduct.

The case concerns a car accident allegedly caused by Ms. Paluch's negligence and which allegedly resulted in injury to Ms. Falk, including an infection in her lung. After a full jury trial in which both sides presented evidence, the jury returned a verdict in favor of Ms. Paluch.

Plaintiff has moved for a new trial pursuant to Federal Rule of Civil Procedure 59. She claims that the jury's verdict is against the weight of the evidence and she was prejudiced by defense counsel's alleged misconduct during closing arguments. Plaintiff argues that defense counsel's references in his closing argument to plaintiff's position as "crazy" and "extremist" nine days after the bombing of a Oklahoma City federal building tainted the jury's decision. Plaintiff further argues that defendant's four objections during plaintiff's closing argument prejudiced the jury, thus requiring a new trial.

■ Federal courts apply federal law to determine whether a new trial is proper, even in diversity cases. *Wassell v. Adams,* 865 F.2d 849, 854 (7th Cir.1989). A new trial should be granted "when the jury's verdict is against the clear weight of the evidence." *Id.* The jury's decision in this case, in light of the testimony and evidence offered at trial, was a reasonable one. Under ordinary circumstances, therefore, a new trial would not be justified.

■ Plaintiff argues that a new trial should be ordered due to defendant's counsel's prejudicial conduct. The trial judge must grant a new trial when "the trial was not fair to the party moving." *Davis v. FMC Corporation, Food Processing Machinery Division,* 771 F.2d 224, 232–33 (7th Cir.1985). Misconduct by an attorney rises to the necessary level of impropriety if that conduct prejudices the adverse party. *Wiedemann v. Galiano,* 722 F.2d 335, 337 (7th Cir.1983). The misconduct prejudices a party if it affects the party's "substantial rights." FED. R.CIV.P. 61. If not, any wrongdoing is merely harmless error. *Id.*

■ Plaintiff contends that defendant's counsel's closing argument referring to plaintiff's position as "crazy" and "extremist" prejudiced an already tense jury who, like all Americans, was subjected to the horror of Oklahoma City and the barrage of media reports on "extremists."

Although defendant's attorney's verbiage may have been in bad taste in light of recent events, this Court is confident that a panel of jurors can distinguish between a personal injury case and the very different events referred to. Defense counsel's remarks in no way affected plaintiff's substantive rights and, therefore, were harmless error. *See* FED.R.CIV.P. 61. Furthermore, in rebuttal argument, plaintiff's counsel repeated several times that defense counsel described plaintiff as "crazy" and "extremist." In doing so, counsel called the jury's attention to those statements much more than would have been the case if he had ignored them.

■ Plaintiff next claims that defense counsel's four objections during plaintiff's closing argument prejudiced her because he was in effect making a rebuttal argument. This Court agrees with plaintiff that defendant's attorney's objections were unfounded and inappropriate. They were particularly egregious in that the same objection was repeated twice after I had overruled it. However, in order for counsel's misconduct to constitute the basis for a new trial, his behavior must prejudice the other party and make the proceedings inherently unfair. *Davis v. FMC Corporation, Food Processing Machinery Division, supra,* 771 F.2d at 233. Plaintiff has failed to show that defendant's counsel's misconduct was more than harmless error.

The cases upon which plaintiff relies are unpersuasive. Plaintiff contends that the types of misconduct found to necessitate a new trial in *Draper v. Airco, Inc.,* 580 F.2d 91 (3rd Cir.1978), and *Campbell v. Coleman Company, Inc.,* 786 F.2d 892 (8th Cir.1986), are analogous to the type found here. However, in *Draper v. Airco, supra,* 580 F.2d at 95–97, plaintiff's counsel's closing argument improperly repeatedly referred to the defendants' wealth, asserted his personal opinion that his client's cause was just, discussed facts not in evidence and targeted vitupera-

tive language at the defendant. The unacceptable behavior of defendant's counsel here does not rise to the level of misconduct in *Draper.*

In *Campbell v. Coleman Company, supra,* 786 F.2d at 897–98, the defendant's closing argument referred to the burden of proof (as did defense counsel's objections here), but "its thrust was to raise a negative inference from plaintiff's failure to [produce a witness equally available to both parties]." The court held that defense counsel raised this inference in violation of Missouri law and, on that basis, reversed and remanded for a new trial. *Id.* at 898.

Plaintiff has failed to show that her substantive right to a fair trial was violated. Accordingly, her motion for a new trial pursuant to Federal Rule of Civil Procedure 59 is DENIED.