**Tony D. HILLARD Plaintiff**

v.

**Diane HARGRAVES, Lamont Mims, Andre Davis, Courtney Thomas and Lisa Taylor Defendants.**

No. 99 C 1616.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 4, 2000.

---

2. This conclusion is not intended to bind the Court with respect to its determination of what

fees and costs will be recoverable under 42 U.S.C. § 1988 if plaintiff prevails in this case.

Steven D. McCormick, Kirkland & Ellis, Chicago, IL, for plaintiff.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Tony Hillard sued the defendants, corrections officers at Cook County Jail, for excessive use of force, alleging that he was beaten. After a trial, the jury found each of the defendants not liable. Following the verdict, I asked Mr. Hillard if he wished to move for a new trial as is his right under Federal Rule of Civil Procedure 59, and he responded affirmatively. However, Mr. Hillard—who quit school in the tenth grade—was proceeding pro se [1] and thus is unlikely to know what legal grounds, if any, exist for a new trial. Accordingly, I will not require him to file a written motion in support of his request for a new trial. Instead, since I conclude that a new trial is in the interest of justice in this case, I will exercise my discretion under Rule 59(d) to grant a new trial. *Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee,* 624 F.2d 798, 806 & n. 11 (7th Cir.1980).

### I.

Federal Rule of Civil Procedure 59 provides that a party may move for, or the court may order sua sponte, a new trial within 10 days of the entering of a judgment. The authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court" because of its ability to "observe the witnesses and follow the trial in a way that [the Appellate Court] cannot replicate by reviewing a cold record." *Roebuck v. Drexel University,* 852 F.2d 715, 735–36 (3d Cir.1988) (citations omitted); *see also Abernathy v. Superior Hardwoods, Inc.,* 704 F.2d 963, 971 (7th Cir. 1983)(a trial judge has "superior ability, by virtue of having observed the jury at first hand, to assess its fairness and competence."). A new trial should be granted when the verdict is against the weight of the

---

1. This case was transferred to me for trial. Mr. Hillard had sought, but was denied, appointed counsel by the judge presiding over the pretrial proceedings.

evidence, is either excessive or inadequate, where probative evidence is newly discovered, where conduct by the court, counsel or the jury improperly influences the deliberative process, or if for any other reasons the trial was not fair to the moving party. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir.1993); *Emmel v. Coca–Cola Bottling Co.*, 95 F.3d 627, 636 (7th Cir.1996).

## II.

### A.

After stressing the admittedly valuable role that the defendants play in keeping order in the Cook County Jail, the State's Attorneys and defendants made repeated reference to the plaintiff as "inmate" or "prisoner" rather than Mr. Hillard, despite my specific instruction to the contrary at the outset of the trial, and to Mr. Hillard's confinement in "maximum" security, the highest level of security in Cook County Jail. These continual references by the State's Attorneys and defendants implied that Mr. Hillard was unusually dangerous although there was no evidence or contention by the State that Mr. Hillard was in fact dangerous. This may have had the effect of triggering the jury's conscious fears or subconscious belief that Mr. Hillard was a dangerous, convicted felon, a notion which was not rebutted by the inexperienced pro se litigant Mr. Hillard. These comments suggested to the jury that simply because Mr. Hillard was located in this highest security "pod", he had a propensity for violence, with the implication that the defendants' use of force on Mr. Hillard therefore was justified. This is extremely prejudicial, particularly in a case such as this one where the primary question for the jury to decide was what led to defendants' use of force on Mr. Hillard and whether that force was excessive. *See, e.g., Wiedemann v. Galiano*, 722 F.2d 335, 337 (7th Cir.1983).

### B.

■ During closing argument, the State's Attorney stated that Mr. Hillard wanted the guards to "pay" for his actions and that the jury should not require the guards to have to

"pay," implying that if the jury found the defendants had used excessive force, the guards would be out of pocket. As the State's Attorney is well aware, unless found liable for punitive damages, the defendants would be fully indemnified by their employer. Counsel's statement was therefore misleading. It is not unreasonable to believe that the belief that deciding against the guards could cost them part of their rather modest salary could sway the jury's decision. Improper references in closing argument are grounds for a new trial. *See e.g., Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1171 (2d Cir.1974); *Klotz v. Sears, Roebuck & Co.*, 267 F.2d 53 (7th Cir.1959); *Alejo Jimenez v. Heyliger*, 792 F.Supp. 910 (D.Puerto Rico 1992).

### C.

■ Mr. Hillard's lack of legal knowledge and limited skills became apparent during the course of the trial. He was unable to argue to the jury or flesh out in cross-examination the inconsistencies in the testimony of the defendants or object to irrelevant and prejudicial testimony. For example, one of the defendants testified that he had seen Mr. Hillard earlier in the day arguing with the female guard who called the other defendants for help. Notably, the female guard did not so testify and the defendant who did give this testimony did not tie this alleged occurrence to his action with respect to Mr Hillard. Under the circumstances, the testimony should not have been admitted. Furthermore, when testifying and beginning with the first witness called, the defendants' witnesses were evasive, argumentative, and distracting, often detouring and offering unsolicited remarks and testimony—directly for the jury's benefit. Not surprisingly, Mr. Hillard did not have the skills to attempt to limit the testimony to responses to his questions.

### D.

At the close of the evidence I gave the parties a set of proposed jury instructions that included standard instructions generally used by me and substantive instructions that had, in part, been submitted by defendants and edited by me during trial. I observed

that Mr. Hillard appeared to be having some difficulty with them (though perhaps Mr. Hillard was simply distracted, considering that it was lunch time and that Mr. Hillard, who was in the custody of State corrections officers, had a limited time to eat and prepare for closing argument, which was to begin right after lunch). He did not object to the instructions. While I do not know that any instruction given was in error, under the circumstances, I do not believe Mr. Hillard had a meaningful opportunity to make any objections.

### III.

I conclude that overall the trial of this case was not fair. Trial errors individually, and in any event, cumulatively, may have prejudiced the verdict. *See Llaguno v. Mingey,* 763 F.2d 1560 (7th Cir.1985)(plaintiffs in civil rights case entitled to new trial because of cumulatively serious trial errors); *United States v. Williams,* 81 F.3d 1434, 1443–44 (7th Cir.1996)(total impact of all irregularities at trial, not each one examined in isolation, determines whether a defendant is entitled to a new trial). I therefore exercise my discretion to order a new trial in this case. Counsel will be appointed to represent Mr. Hillard.